## Commonwealth ex rel. Forsythe v. Banmiller

*John T. Forsythe*, p. p., relator.

*Arlen Specter*, Assistant District Attorney, *Paul M. Chalfin*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for respondent.

HAGAN, P.J., May 22, 1961.—Relator, John T. Forsythe, filed a petition for a writ of habeas corpus averring as follows:

"1. The cause or pretense of my confinement and restraint to the best of my knowledge and belief is:

"2. On information that the Pennsylvania Board of Parole's claim that your Relator owes some time, on a sentence that he had received, namely, five to twenty years, in the Court of Quater (sic) Sessions, County of Philadelphia, in 1938, imposed by the Late Honorable Harry S. McDivitt (sic), Judge.

"3. Where in fact, the allege claim by the Pennsylvania Board of Parole, is not based on fact nor law; that will be fully avered by your Relator in Court upon a hearing.

"4. To the best of my knowledge and belief no other cause is pretended for my detention and restraint of liberty."

Respondent named in the petition, the Superintendent of the State Correctional Institution at Philadelphia, filed an answer to the petition, the averments of which fully justify relator's detention. The District Attorney of Philadelphia County also filed an answer to the petition.

It appears from the record that on May 31, 1938, in the Court of Quarter Sessions of Philadelphia, as of June term, 1938, no. 1, relator pleaded guilty to an indictment charging armed robbery, and he was sentenced to the Eastern State Penitentiary for a term of 5 to 20 years; that on May 31, 1943, at the expiration of his minimum sentence, relator was paroled by the Pennsylvania Board of Parole for the balance

of his maximum term, which would expire on May 31, 1958; that on April 17, 1944, while relator was on parole, he pleaded guilty in the Court of Quarter Sessions of Philadelphia County, as of April term, 1944, no. 22, to bill of indictment charging burglary and receiving stolen goods, and he was sentenced to the Eastern State Penitentiary for a term of six months to one year; that relator's plea of guilty to the 1944 bill of indictment constituted a violation of his parole upon the 1938 bill of indictment, and, accordingly, the Pennsylvania Board of Parole revoked relator's parole and recommitted him to the Eastern State Penitentiary for the purpose of serving the balance of his maximum sentence, or until April 10, 1959, in accordance with the Act of June 22, 1931, P. L. 862, sec. 1; that on December 1, 1949, relator was reparoled by the Pennsylvania Board of Parole with respect to the sentence imposed upon him in 1938, and on that date, December 1, 1949, relator began to serve the sentence imposed upon him in 1944; that on January 12, 1950, this latter sentence was reconsidered by the court and relator was paroled under the Act of June 19, 1911, P. L. 1055, and placed under the supervision of the Pennsylvania Board of Parole; that on July 15, 1952, relator was arrested in Mt. Holly, N. J., and on February 17, 1953, he was sentenced to the New Jersey State Prison on the following charges: (1) Aggravated assault and battery, for a term of not less than three years nor more than five years; (2) entering and larceny, for a term of not less than two years nor more than three years, and (3) escape, for a term of not less than two years nor more than three years; that relator's convictions in the State of New Jersey, as above set forth, constituted a violation of his parole with respect to the sentence imposed upon him in Pennsylvania in 1938, and on October 30, 1956, the relator was declared to be a convicted parole viola-

tor by the Pennsylvania Board of Parole and a detainer was lodged with the New Jersey State Penitentiary; and that upon relator's release from the New Jersey State Penitentiary he was returned to the Eastern Correctional Diagnostic and Classification Center, at Philadelphia, on January 17, 1961 (effective as of December 5, 1960), and relator was recommitted to the State Correctional Institution at Philadelphia for the purpose of serving the balance of the maximum sentence imposed upon him in 1938, without commutation, for a period of nine years, four months and nine days, or until April 14, 1970, in accordance with the Act of June 22, 1931, P. L. 862, sec. 1.

The Act of June 22, 1931, supra, clearly provides that if a defendant who has been released on parole commits another crime during the period of his parole, he must serve the remainder of the maximum sentence which had not been served when the parole was granted, without allowance of credit for the time defendant was on parole and not delinquent: Narcise v. Board of Trustees, Eastern State Penitentiary, 137 Pa. Superior Ct. 394, and Commonwealth ex rel. Tiscio v. Martin, 180 Pa. Superior Ct. 462.

Relator's petition is, therefore, without merit and it is now discharged.