Commonwealth ex rel. Tiscio, Appellant, *v.* Martin.

Submitted November 11, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Nicholas Tiscio,* appellant, in propria persona.

No argument was made nor brief submitted for appellee.

OPINION BY ROSS, J., January 17, 1956:

This habeas corpus proceeding involves the question of venue. The Court of Common Pleas of Lehigh County dismissed appellant's petition without hearing and this appeal followed.

Relator, Nicholas Tiscio, after conviction in Lehigh County, was sentenced on January 23, 1939 on four bills of indictment, three of which charged burglary and the fourth which charged larceny and receiving stolen goods. He received sentences of from two and one-half to five years on each, to be served consecutively and it was directed by reason of credits for previous incarceration, that the first sentence be computed as running from November 23, 1938. After serving about nine and one-half years, he was paroled on May 18, 1948, and was recommitted on July 8, 1952 because of his conviction of a crime while on parole. He was denied credit against the balance of his maximum sentence for this time spent on parole. *Com. ex rel. O'Leary v. Ashe,* 152 Pa. Superior Ct. 322, 324, 32 A. 2d 36; *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 116, 78 A. 2d 20 (See Act of August 6, 1941, P.L. 861, as amended

by adding thereto section 21.1 by Act of August 24, 1951, P.L. 1401, section 5, 61 P.S. 331, 21 A.) He filed a petition for writ of habeas corpus alleging that the total maximum sentences had expired on May 23, 1951 and consequently he was not on parole at the time of the commission of the subsequent offense. He appealed to this court from the refusal of his writ and we held, *Com. ex rel. Tiscio v. Burke,* 173 Pa. Superior Ct. 350, 98 A. 2d 760, that in accordance with the Act of June 25, 1937, P.L. 2093, No. 420, section 1, 19 PS §897, his maximum sentence, computed for purposes of parole, did not expire until November 23, 1958. (We also ordered him to appear for resentencing on the larceny bill as his sentence thereon in 1939 was excessive under the law. He has since been resentenced.) Tiscio remained in prison until April 16, 1954, when he was again paroled. On February 4, 1955 he was arrested in Northampton County on a charge of receiving stolen goods, for which he was tried, convicted and sentenced to the Northampton County Prison where he is incarcerated. The Parole Board, on learning of this, issued a detainer on the unexpired Lehigh County sentence of 1939. Tiscio responded with his petition of habeas corpus, filed in *Lehigh County,* again attacking the computation of his maximum sentences on the 1939 charges. Apparently, his purpose is to have the detainer withdrawn as the first step in obtaining his release from the Northampton County Prison. He chose the wrong forum.

The Act of May 25, 1951, P.L. 415 sec. 1, 12 P.S. sec. 1901, relating inter alia to venue in habeas corpus proceedings provides for general jurisdiction in any judge of a court of common pleas of this Commonwealth, but limits the venue to a judge of the judicial district wherein the relator is confined or to the judge of the judicial district responsible for relator's commitment, with this

further limitation: "Provided, that when relator's detention or confinement is by virtue of sentence after conviction for a criminal offense only a judge of the judicial district of the conviction and sentencing shall exercise such jurisdiction." This latter is a departure from the prior law, both common law and statutory, *Com. ex rel. Paylor v. Claudy*, 366 Pa. 282, 285, 77 A. 2d 350; Act of February 18, 1785, 2 Sm. L. 275 Sec. 1 et seq., 12 P.S. Sec. 1871, which placed the venue in the district in which the relator was committed.[1]

Relator in the instant case is confined in the Northampton County Prison by virtue of his conviction and sentencing by the Northampton County Court. The only connection Lehigh County has with his confinement is that there is outstanding a parole detainer which is based upon his unserved maximum sentence as imposed in 1939 on his Lehigh County conviction. This parole detainer means only that at the expiration of his Northampton County sentence he will be further detained to await transfer to the Eastern State Penitentiary, and while the fact of his parole violation may have influenced the judge in Northampton County, by no legal reasoning can it be said that his imprisonment

---

[1] Of course, original jurisdiction in habeas corpus still lies in the Supreme Court as well as this Court; though, generally, it will be exercised only where there exists "imperative necessity or apparent reason why expedition is desirable or required," as that is determined by the discretion of the Court. *Com. ex rel. Paylor*, supra, 366 Pa. 282, 287, 77 A. 2d 350. The obvious reason for this is that in the absence of such necessity, the pleadings and factual issues are best resolved in the lower court from whose decree an appeal will lie. Cf. *Com. ex rel. Milewski v. Ashe*, 362 Pa. 48, 66 A. 2d 281; *Com. ex rel. Sawchak v. Ashe*, 169 Pa. Superior Ct. 529, 537, 83 A. 2d 497, allocatur refused, 169 Pa. Superior Ct. xxvi, certiorari refused by U. S. Supreme Court, 171 Pa. Superior Ct. xxiii, where we sent the petition, originally filed in our Court, to the lower court for determination of the factual issues.

is under the Lehigh County sentence. The plain and simple fact is that he is in prison by reason of a commitment by the Northampton County Court and none other. It is clear then that under the Act of 1951 (and indeed, even under the prior law), the venue for his petition lay in Northampton County, not Lehigh County. Under the circumstances his petition was properly refused by the Lehigh County Court.

Although there is no merit in any of appellant's contentions we will discuss them briefly in the hope that by so doing we will eliminate any subsequent proceeding by him raising the same questions.

He contends first that his 1939 sentences have expired and that the parole detainer is therefore void. His reasoning is that the maximum of each prior sentence ran concurrently with the minimum of the next sentence, even though there was no constructive parole granted at the end of each minimum. See discussion in *Com. ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 30, 31, 20 A. 2d 881. We do not agree and when we considered this very same question on this very same reasoning in his prior appeal, we concluded that his maximum sentences, imposed in 1939, would not expire until November 23, 1958. Of course, the events occurring since that time have modified this date. His resentence on the larceny charge reduced it by at least two years, but the denial of about three and 3/4 years parole credit in 1952 and nine and 1/2 months in 1955 extended the expiration date of his maximum. Cf. *Com. ex rel. Reynolds v. Burke,* 173 Pa. Superior Ct. 146, 148, 96 A. 2d 193. Relator feels that his maximum cannot be continually extended or he will never finish serving it. The obvious answer is that the fault lies solely with him, for if he behaved while on parole, he would not find himself the object of recalled executive grace. In *Narcise v. Board of Trustees, Eastern State Penitentiary,* 137 Pa.

Superior Ct. 394, 400, 9 A. 2d 165, 167, we said: "The parolee has been given, as an act of grace, a conditional opportunity to reenter society and rehabilitate himself. If he breaks faith with society by again committing crime he shows the trust in him to have been misplaced, and because of his breach of condition, he is required to serve the maximum term of his original imprisonment, without commutation."

The maximum sentence remains as originally imposed, and though its service may extend over a longer period of time, Tiscio will not be required to serve in terms of time, a composite period longer than his maximum. Cf. *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 78 A. 2d 20. He cannot complain of the withdrawal of parole credit when his abuse indicates that he was not worthy and appreciative of it in the first instance.

Tiscio finally attacks the Act of 1937, supra, 19 P.S. sec. 879 as being unconstitutional because it allows a computation together, for parole purposes, of all consecutive sentences imposed at the same time by the same court. We also considered this very question in his prior appeal and resolved it against him. The constitutionality of the Act of 1937 was established without question in *Com. ex rel. Lycett v. Ashe,* 145 Pa. Superior Ct. 26, 32, 20 A. 2d 881. Sentences cannot be lumped upon the records, *Com. ex rel. Cox v. Ashe,* 146 Pa. Superior Ct. 365, 22 A. 2d 606, but there is nothing to prohibit an aggregate computation for parole purposes as allowed by the Act. *Lycett* and prior *Tiscio* cases, supra. The Act of 1937 is constitutional and as applied here indicates that Tiscio was on parole at the time of his conviction in Northampton County. In this respect then the parole detainer is valid. It is beyond our province to examine the Parole Board's discretion in granting, refusing, or recalling any parole it may

have granted Tiscio; nor can we compel the grant of any further grace. *Com. ex rel. DiCamillo v. Burke,* 172 Pa. Superior Ct. 10, 11, 91 A. 2d 916. Aside from the issue of venue, the petition on its merits did not require a hearing. *Com. ex rel. Cobb v. Burke,* 176 Pa. Superior Ct. Cf. 60, 63, 107 A. 2d 207.

Order affirmed.