## Commonwealth ex rel. Gallagher, Appellant, *v.* Martin.

Submitted March 18, 1957. Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Charles J. Gallagher,* in propria persona, for appellant.

*James N. Lafferty,* Deputy District Attorney, and *Victor H. Blanc,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., June 11, 1957:

The appellant in this case, seeking release from the penitentiary, was denied a writ of habeas corpus by the court below. He had been sentenced in Lebanon County on December 2, 1950, to 18 months to 3 years in the Eastern Penitentiary, and had been paroled two years later on December 2, 1952.

On May 20, 1953, before his 3 year sentence had expired, he was sentenced in Philadelphia for an offense committed there while he was on parole, to another term of 18 months to 3 years in the penitentiary. The Philadelphia sentencing judge stated that the sentence he imposed was to begin on April 20, 1953.

The prisoner contended that the time of his combined sentences expired April 19, 1956. The Parole Board and prison authorities held him until March 28, 1957[1] on the ground that the Act of June 19, 1911, P. L. 1055, §10 as last amended by the Act of June 22, 1931, P. L. 862, §1, 61 PS §305 required him to serve the unexpired portion of his original sentence, or one year, before he could commence serving the sentence imposed for the crime committed while he was on parole.

The court below refused the writ on the ground that the Parole Board and prison authorities properly compelled the prisoner to serve the unexpired portion of his original sentence before starting to serve the second sentence, even though the sentencing judge had stated that the second sentence should begin May 20, 1953. The lower court was right. *Com. ex rel. Lerner v. Smith, Warden*, 151 Pa. Superior Ct. 265, 30 A. 2d 347 (1943); *Com. ex rel. Harman v. Burke*, 171 Pa. Superior Ct. 547, 91 A. 2d 385 (1952).

Since the maximum term of the prisoner has now expired, and the prisoner has been discharged, the case is moot, and, therefore, the appeal is quashed.

---

[1] The authorities gave him 22 days credit for serving in jail prior to sentence hence the release on March 28 instead of April 19.