## Commonwealth *v.* Conrey, Appellant.

576

Argued October 10, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*A. S. Oliensis,* with him *William J. Conrey,* appellant, in propria persona.

*Donald W. VanArtsdalen,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 12, 1957:

In May of 1950 the appellant entered a plea of guilty to a crime committed in Bucks County while on parole from a previous sentence imposed in that county. He was sentenced to the penitentiary, where he served the balance of the prior sentence before starting to serve

the last one. He was again paroled on April 8, 1954, and granted permission to reside in New Jersey. From there he absconded, and was declared delinquent by the Pennsylvania Board of Parole as of August 28, 1954.

He was subsequently arrested in Pennsylvania on a charge of larceny of an automobile in New Jersey prior to his abscondence. He waived extradition on March 7, 1955, and after entering a plea of guilty to larceny, was sentenced in New Jersey as follows: "Sentenced to the New Jersey State Prison for a term of not more than three years, nor less than two years. In the event that the Pennsylvania authorities accept him and is committed in Pennsylvania,. the sentence imposed here will run concurrently with that in Pennsylvania. If not accepted by the Pennsylvania authorities, defendant is to serve his time in the N. J. State Prison."

The Pennsylvania Board of Parole did not immediately "accept" him, and filed a detainer with the New Jersey authorities for his return at the expiration of his incarceration in New Jersey. The purpose of the detainer was to bring him back to this Commonwealth to serve additional time in the penitentiary for vio'iting his parole.

The appellant in propria persona prepared a "motion to dismiss parole violation detainer" and mailed it to the Court of Common Pleas No. 7 of Philadelphia before which court he had waived extradition. That court referred the motion to the Bucks County Court which filed and then dismissed the motion.

He thereupon appealed to this Court, but before the case was presented to us, the New Jersey authorities released him to the Pennsylvania Board of Parole. The Board returned him to Pennsylvania and committed him here on April 24, 1957. He is now serving on the second Bucks County sentence which was imposed in May of 1950, and which expires April 24, 1961.

The prisoner cannot be discharged on a "motion to dismiss parole detainer." If he is now being illegally detained in Pennsylvania, his remedy is habeas corpus.

On the question of his illegal detention, we might note in passing that there can no longer be any doubt that his two sentences could not run concurrently, even if the judge imposing the second sentence had indicated his intent to have it run concurrently with the prior one: *Commonwealth ex rel. Gallagher v. Martin,* 183 Pa. Superior Ct. 540, 132 A. 2d 706 (1957) ; *Commonwealth ex rel. Kunkle v. Claudy,* 171 Pa. Superior Ct. 557, 91 A. 2d 382 (1952) ; *Commonwealth ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347 (1943). This is the rule irrespective of the jurisdiction in which the crime was committed. *Commonwealth ex rel. Harman v. Burke,* 171 Pa. Superior Ct. 547, 91 A. 2d 385 (1952).

As to appellant's right to discharge because of his return from New Jersey see *Commonwealth ex rel. Harman v. Burke,* supra; *Commonwealth ex rel. Rushkowski v. Burke,* 171 Pa. Superior Ct. 1, 89 A. 2d 899 (1952).

Appeal dismissed.