## Commonwealth ex rel. Cox, Appellant, *v.* Banmiller.

Submitted March 21, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Clinton Cox,* appellant, in propria persona.

*Joseph M. Smith* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., June 15, 1961:

Relator has appealed from the order of Judge CARROLL entered September 26, 1960, dismissing relator's petition for writ of habeas corpus.

Appellant was convicted of burglary and sentenced by Judge EDWIN O. LEWIS to serve a term of not less than one year nor more than five years in the Eastern State Penitentiary, now the State Correctional Institution at Philadelphia, to be computed from July 26, 1950. He was paroled on July 31, 1952, the balance of his sentence then remaining being two years, eleven months, and twenty-four days. On May 6, 1955, two months and twenty-five days prior to the expiration of the maximum sentence from which he had been paroled, appellant was arrested and charged with burglary, larceny, and receiving stolen goods. He was subsequently tried, convicted of larceny only, and sentenced by Judge WEBB of the Fourth Judicial District, specially presiding, to serve a term of not less than one year nor more than five years in the Eastern State Penitentiary.

This is the third habeas corpus petition filed by appellant since his original sentence. A petition was denied by Judge KELLEY who ruled that petitioner was properly compelled to serve the unexpired portion of the sentence from which he was paroled in addition to the new sentence imposed by Judge WEBB. *Com. ex rel. Carmelo v. Burke*, 168 Pa. Superior Ct. 109, 78 A. 2d 20; *Com. ex rel. Gallagher v. Martin*, 183 Pa. Superior Ct. 540, 132 A. 2d 706; *Com. ex rel. Haun v. Cavell*, 190 Pa. Superior Ct. 346, 352, 154 A. 2d 257.

The original commitment issued pursuant to the sentence given by Judge WEBB stated on its face that the sentence imposed was to be computed from May 11, 1955. A "corrected" commitment, issued July 9, 1958, stated that the sentence was to be computed from May 7, 1955, and that the conviction before Judge WEBB was on all three charges of burglary, larceny, and receiving stolen goods, when in fact the conviction was on the larceny charge only.

Appellant's second petition for writ of habeas corpus was denied by Judge GLEESON. In dismissing this

petition, Judge GLEESON stated that, if petitioner wished to raise any question in regard to adding the unexpired portion of the sentence upon which he had been paroled to the sentence imposed by Judge WEBB, he should file a new petition raising this issue in clear language. Judge GLEESON also further corrected the commitment papers on the sentence imposed by Judge WEBB to show that this conviction was on a larceny charge only and not on charges of burglary and receiving stolen goods. Appellant did not appeal the dismissal of either of his first two petitions, but filed the present petition which was dismissed by Judge CARROLL on the ground that it raised nothing which had not heretofore been raised and decided adversely to petitioner.

The present petition was properly dismissed. A petition for writ of habeas corpus which is repetitious of previous petitions is properly refused. *Com. ex rel. Luzzi v. Banmiller*, 193 Pa. Superior Ct. 347, 349, 165 A. 2d 124. Furthermore, it is clear that the law requires appellant to serve the balance of time remaining on his prior sentence in addition to the sentence imposed for a crime committed while on parole, regardless of whether the subsequent sentence and commitment expressly so stated. *Com. ex rel. Salerno v. Banmiller*, 189 Pa. Superior Ct. 156, 162, 149 A. 2d 501.

The order is affirmed.