## Commonwealth ex rel. Godfrey, Appellant, *v.* Banmiller.

Argued April 26, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Herman I. Pollock,* Defender, for appellant.

*Arlen Specter,* Assistant District Attorney, with him *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE EAGEN, June 26, 1961:

This is an appeal from a decision of the Superior Court affirming an order of the lower court dismissing appellant's petition for a writ of habeas corpus.

The facts are not in dispute. On February 27, 1934, Godfrey, the appellant, pleaded guilty in the Philadelphia county court to an indictment (No. 845 February Sessions, 1934) charging "entering with an intent to steal." He was sentenced to a term of not less than four years nor more than eight years in the Eastern State Penitentiary to commence at the expiration of a sentence he was then serving of from three to six years. He commenced serving this sentence on February 27, 1937. After serving four years and five months, he was paroled on July 27, 1941.

While still on parole, he committed a burglary and was returned to the penitentiary as a parole violator on August 21, 1941, to serve the balance of the sentence imposed under indictment No. 845, that being a period of three years and seven months. He pleaded guilty to the burglary indictment (No. 463 August Sessions, 1941), and on August 29, 1941, was sentenced by a judge, since deceased, to serve five to ten years in the Eastern State Penitentiary "to run concurrently with sentence now being served." The balance of the sentence imposed under indictment No. 845, was completed on March 21, 1945. On that date, he commenced serving the sentence imposed on indictment No. 463. After serving five years, he was again placed on parole on March 21, 1950. Subsequently, on February 13, 1959,

he was returned to the penitentiary as a convicted parole violator to serve the remaining five years of the sentence imposed under indictment No. 463. Thus, he will be incarcerated until February 13, 1964, unless he is again paroled. It is this imprisonment that the appellant seeks to avoid.

The basis of the petition for the writ of habeas corpus, now in issue, is that the sentence imposed under indictment No. 463 was not made to run concurrently, although the judge so stipulated. It is urged that the prison authorities allegedly changed the purport and effect of the court's sentence without authority in law; that since the sentence was illegal, the case should be remanded to the lower court for the imposition of a correct legal sentence in accordance with the sentencing judge's intention or that the appellant be discharged from further imprisonment.

The Act of June 22, 1931, P. L. 862, §1, amending the Act of June 19, 1911, P. L. 1055, §10, 61 PS (Supp.) §305, categorically requires that a person who is sentenced to imprisonment following a conviction of a crime committed, while still on parole under a sentence previously imposed, must serve both the remaining portion of the old sentence and that imposed for the new or subsequent crime consecutively. The Act of 1931 provides as follows: "If any convict released on parole, as provided for in this act, shall, during the period of his or her parole, or while delinquent on said parole, commit any crime punishable by imprisonment for which he or she is at any time thereafter convicted in any court of record and sentenced to any place of confinement other than the penitentiary from which he or she was released on parole, such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which

said convict had been released on parole, or in any other institution to which he or she may be legally transferred, the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole, and if not in conflict with the terms and conditions of the same as granted by the Governor; but, *if sentenced to the penitentiary from which said convict was released on parole, then the service of the remainder of the said term originally imposed shall precede the commencement of the term imposed for said crime."*[1]

The above statute has frequently and repeatedly been construed by the Superior Court of Pennsylvania to mean that if a person commits a crime while on parole, he must serve the new sentence in addition to the back time, *regardless of the intention of the sentencing judge. The manner and order of service of imprisonment having been specified by law, the courts are powerless to change it.* See, *Commonwealth ex rel. Lerner v. Smith,* 151 Pa. Superior Ct. 265, 30 A. 2d 347 (1943); *Commonwealth ex rel. Harman v. Burke,* 171 Pa. Superior Ct. 547, 91 A. 2d 385 (1952), cert. denied, 345 U.S. 953, 73 S. Ct. 870, 97 L. Ed. 1375; *Com. ex rel. Gallagher v. Martin,* 183 Pa. Superior Ct. 540, 132 A. 2d 706 (1957); *Commonwealth v. Conrey,* 184 Pa. Superior Ct. 575, 135 A. 2d 810 (1957); *Commonwealth ex rel. Haun v. Cavell,* 190 Pa. Superior Ct. 346, 154 A. 2d 257 (1959); *Commonwealth ex rel. Salerno v. Banmiller,* 189 Pa. Superior Ct. 156, 149 A. 2d 501 (1959). In the latter case, the Superior Court said at p. 162: "It has been the intent of the legislature, consistently expressed since 1911 and uniformly recognized by the courts, that a parolee, when sentenced for a crime committed while on parole, shall be

---

[1] Emphasis supplied.

required to serve the balance of time remaining on his first sentence (subject, however, since 1941 to reparole by the board). This legislative intent, so basic and vital to our parole system, cannot be defeated even by the intent of a sentencing judge." In *Commonwealth ex rel. Haun v. Cavell,* supra, the court said at p. 355: "The policy of this Commonwealth has been firmly established since the earliest days of parole that a convict who commits a crime while on parole must serve his back time and his sentence for the new crime independently and that he cannot serve the two concurrently. This firmly established policy of the Commonwealth is recognized by the judiciary, the parole and prison administrators and the legislature itself. If the legislature intended to change this policy, it would have done so by a direct and positive provision." In *Commonwealth v. Conrey,* supra, at p. 578, the Court said: "On the question of his illegal detention, we might note in passing that there can no longer be any doubt that his two sentences could not run concurrently, even if the judge imposing the second sentence had indicated his intent to have it run concurrently with the prior one." Clearly, therefore, while the sentence concerned was legal in so far as the term of imprisonment imposed was concerned, the additional words stipulating concurrent operation were illegal, of no effect and properly disregarded by the prison and parole authorities.

In view of the unambiguous mandate of the statute involved and the correct construction placed thereon repeatedly by the Superior Court, we conclude it would be improper for us to now enunciate a new formula or policy to meet the exigencies of the present case. If the ends of justice require appellant's release, it can be expeditiously effected by the Commonwealth's Parole Board. If this recidivist should be returned to society, it can best be served in this manner.

The order of the Superior Court is affirmed.