## Commonwealth ex rel. Spader, Appellant, v. Myers.

Submitted June 13, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Albert Spader,* appellant, in propria persona.

*William H. Wolf, Jr.* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., September 12, 1961:

This is an appeal by relator from an order of Court of Common Pleas No. 4 of Philadelphia County dismissing his petition for a writ of habeas corpus which was filed on June 15, 1960.

On January 3, 1940, relator, who was represented by counsel, pleaded guilty to five bills of indictment (Nos. 833, 834, 835, 836, 837, December Sessions, 1939), one bill charging assault with intent to rob, three bills charging assault with intent to kill three different police officers, and one bill charging the carrying of concealed deadly weapons and firearms without a license. Sentences were imposed on the five bills as follows: No. 833, charging robbery, not less than ten years nor more than twenty years; No. 834, charging assault with intent to kill, not less than three years nor more than six years; similar sentence on No. 835 and No. 836;

and one and a half to three years on No. 837; each sentence to run consecutively with the preceding sentence. The aggregate sentence was a minimum of not less than twenty and one-half years, and a maximum of forty-one years, to be computed from December 30, 1939. The minimum would expire on June 30, 1960, and the maximum on December 30, 1980.

Testimony taken on his guilty pleas showed that relator held up and robbed, at gun point, the ticket agent of a midtown bus station in Philadelphia on December 18, 1939. Prior to his capture in the men's room of a nearby bus station, relator fired three shots at three or more policemen who were pursuing him.

Relator has made numerous attacks on the validity of his convictions and sentences in both the state and federal courts.[1]

On March 18, 1952, the Governor, through the action of the Board of Pardons, commuted relator's minimum sentence of twenty and one-half years to a new minimum of twelve years and three months. Relator was released from prison on parole on May 29, 1952, two months after the expiration of his minimum commuted sentence. At the time of his release on parole, relator had twenty-eight years, seven months and one day of the unexpired maximum sentence to serve. On May 13, 1957, relator was arrested in New Brunswick, New Jersey. On October 18, 1957, relator became a convicted parole violator when he pleaded non vult to the charge of possession of obscene pictures and was adjudged guilty in Middlesex County Court, New Jersey. He received a suspended sentence on this conviction.

---

[1] Among these are the following: *Com. ex rel. Spader v. Burke* (1952), 171 Pa. Superior Ct. 289, 90 A. 2d 849; *Com. ex rel. Spader v. Myers* (1958), 187 Pa. Superior Ct. 654, 145 A. 2d 870; *Com. ex rel. Spader v. Myers* (1959), 190 Pa. Superior Ct. 62, 152 A. 2d 787.

On November 7, 1957, relator was returned to Pennsylvania and recommitted to serve the unexpired maximum term (twenty-eight years, seven months, and one day) of the sentence imposed in 1940. The expiration date of relator's maximum sentence, as recomputed by the Board of Parole, is December 14, 1985.

The petition for writ of habeas corpus forming the basis for the present appeal was filed in the Court of Common Pleas No. 4 of Philadelphia County, at No. 387, June Term, 1960. A rule to show cause was allowed and answers were filed by the respondent Myers and by the District Attorney of Philadelphia County. The final order of Judge ULLMAN discharging the rule to show cause and dismissing the petition was entered on December 5, 1960. Relator appealed to this Court.

Relator raises two issues[2] on this appeal which arise out of his recommitment as a parole violator.

1. Relator-appellant contends that the Parole Board usurped judicial power in that it unlawfully extended the expiration date of appellant's maximum term from December 30, 1980, to December 14, 1985. However, it is clearly settled that, where a paroled convict during his parole commits a crime punishable by imprisonment, he is required to serve the remainder of the term which he would have been compelled to serve but for the parole, and the resulting extension of the expiration date of the maximum term of his original sentence does not constitute a change in such sentence. *Com. ex rel. Reynolds v. Burke,* 173 Pa. Superior Ct. 146, 148, 96 A. 2d 193; *Com. ex rel. Carmelo v. Burke,* 168 Pa. Superior Ct. 109, 112, 78 A. 2d 20; *Com. ex rel. Tiscio v. Burke,* 173 Pa. Superior Ct. 350, 353, 354, 98 A. 2d 760; *Com. ex rel. Tiscio v. Martin,* 180 Pa. Superior Ct. 462, 467, 468, 120 A. 2d 307; *Com. ex rel. Haun v. Cavell,* 190 Pa. Superior Ct. 346, 354,

---

[2] These questions could have been raised in previous petitions.

154 A. 2d 257; *Com. ex rel. Cox v. Banmiller*, 195 Pa. Superior Ct. 218, 171 A. 2d 544; *Com. ex rel. Godfrey v. Banmiller*, 404 Pa. 401, 171 A. 2d 755.

2. Relator asserts that the Act of June 25, 1937, P. L. 2093, §1, 19 PS §897, is unconstitutional in that it allows a computation, for parole purposes, of a total of the consecutive sentences imposed. The Act of 1937 provides: "Whenever, after the effective date of this act, two or more sentences to run consecutively are imposed by any court of this Commonwealth upon any person convicted of crime therein, there shall be deemed to be imposed upon such person a sentence the minimum of which shall be the total of the minimum limits of the several sentences so imposed, and the maximum of which shall be the total of the maximum limits of such sentences." The gist of relator's attack is that the Act of 1937 is invalid because its effect is to make unavailable constructive parole at the end of each of appellant's minimum sentences, since these minimum terms are aggregated for parole purposes. Relator's attack on the validity of the Act of 1937 has been answered, and the Act sustained, in many prior decisions. *Com. ex rel. Lycett v. Ashe*, 145 Pa. Superior Ct. 26, 30, 31, 20 A. 2d 881; *Com. ex rel. Tiscio v. Burke*, supra, 173 Pa. Superior Ct. 350, 353, 354, 98 A. 2d 760; *Com. ex rel. Tiscio v. Martin*, supra, 180 Pa. Superior Ct. 462, 120 A. 2d 307. As stated in the latter case (page 468 of 180 Pa. Superior Ct., page 309 of 120 A. 2d): "Tiscio finally attacks the Act of 1937, supra, 19 P.S. sec. 879 as being unconstitutional because it allows a computation together, for parole purposes, of all consecutive sentences imposed at the same time by the same court. We also considered this very question in his prior appeal and resolved it against him. The constitutionality of the Act of 1937 was established without question in Com. ex rel. Lycett v. Ashe, 145 Pa. Superior Ct. 26, 32, 20 A. 2d 881."

On November 7, 1957, relator was returned to Pennsylvania and recommitted to serve the unexpired maximum term—twenty-eight years, seven months, and one day—of the sentence imposed in 1940. Therefore, at the time of his petition for writ of habeas corpus in 1958 (Common Pleas No. 4, No. 1425, March Term, 1958, appealed to this Court in *Com. ex rel. Spader v. Myers*, 187 Pa. Superior Ct. 654, 145 A. 2d 870), and petition for writ of error coram nobis in 1959 (Quarter Sessions, No. 178, October Term, 1959, appealed in *Com. ex rel. Spader v. Myers*, 190 Pa. Superior Ct. 62, 152 A. 2d 787), relator had been recommitted for violation of parole, and was serving the recomputed sentences he attacks in his latest and present petition. While the principles of res judicata do not, strictly speaking, control in habeas corpus, courts do not favor piecemeal attack on convictions and sentences by means of a series of habeas corpus petitions. As stated in *Com. ex rel. DeSimone v. Cavell*, 185 Pa. Superior Ct. 131, 134, 138 A. 2d 688, 689: "Relator had ample opportunity to present such allegation [that counsel was not present at sentence] in his previous petition, and under the circumstances he was obliged to do so, although, in a habeas corpus proceeding, a court is not ordinarily bound by the legal rule of res judicata. See Com. ex rel. Allen v. Claudy, 170 Pa. Superior Ct. 499, 503, 87 A. 2d 74."

The appeal is dismissed.