## Commonwealth ex rel. Cox v. Banmiller

*Clinton Cox*, p. p., relator.

*William H. Wolf, Jr.*, Assistant District Attorney, *Arlen Specter*, Assistant District Attorney, *Paul M. Chalfin*, First Assistant District Attorney, and *James C. Crumlish, Jr.*, District Attorney, for respondent.

WEINROTT, J., November 21, 1961.—This court was first apprised that an appeal had been taken in this matter on November 15, 1961, and no notice of appeal had been served. The facts in relator's petition for a writ of habeas corpus, while not in dispute, are incomplete.

Sentence was imposed by the former Judge Edwin O. Lewis for a term of one to five years on bill no. 52, August term, 1950, charging burglary and larceny, said sentence to become effective July 26, 1950. Relator was later paroled on July 31, 1952. Three years of that sentence then remained.

Relator was arrested May 5, 1955, charged with larceny, and on June 23, 1955, relator was sentenced to a term of not less than one year nor more than five years on bill no. 1127, May term, 1955, on this charge. Sentence was to become effective in May of 1955, but

did not become effective until June 18, 1958, when relator completed his three years' back parole time on the previous sentence imposed in Philadelphia County by Judge Lewis. The corrected commitment was issued on July 9, 1958. This corrected commitment listed the charges as burglary, larceny and receiving stolen goods.

The basis for the petition for a writ of habeas corpus is that relator's full maximum five-year sentence imposed on June 23, 1955, should commence and be computed from May of 1955, and that this sentence expired and ended in May, 1960. The Board of Parole contends that relator's new sentence began June 18, 1958, and that the maximum sentence will not expire until May of 1963.

The issue here raised has been very recently and clearly decided in the case of Commonwealth ex rel. Godfrey v. Banmiller, 404 Pa. 401, 405, where the trial judge specifically directed that the sentence imposed be made to run concurrently. In the Godfrey case, supra, the court stated that the Act of June 22, 1931, P. L. 862, sec. 1, amending the Act of June 19, 1911, P. L. 1055, sec. 10, 61 PS §305, categorically requires that a person who is sentenced to imprisonment following a conviction of a crime committed while still on parole under a sentence previously imposed, must serve both the remaining portion of the old sentence and that imposed for the new or subsequent crime consecutively.

The Act of June 22, 1931, provides as follows:

"If any convict released on parole, as provided for in this act, shall, during the period of his or her parole, or while delinquent on said parole, commit any crime punishable by imprisonment for which he or she is at any time thereafter convicted in any court of record and sentenced to any place of confinement other than

the penitentiary from which he or she was released on parole, such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which said convict had been released on parole, or in any other institution to which he or she may be legally transferred, the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole, and if not in conflict with the terms and conditions of the same as granted by the Governor; but, if sentenced to the penitentiary from which said convict was released on parole, then the service of the remainder of the said term originally imposed shall precede the commencement of the term imposed for said crime."

Our Supreme Court concluded its finding in the case by the following statement:

"In view of the unambiguous mandate of the statute involved and the correct construction placed thereon repeatedly by the Superior Court, we conclude it would be improper for us to now enunciate a new formula or policy to meet the exigencies of the present case. If the ends of justice require appellant's release, it can be expeditiously effected by the Commonwealth's Parole Board. If this recidivist should be returned to society, it can best be served in this manner." (p. 405)

The instant case is firmly within the confines of the statute and construction thereof set out in the recently decided case of Commonwealth ex rel. Godfrey v. Banmiller, supra. We find the principles therein enunciated to be applicable and controlling.