## Commonwealth ex rel. Long v. Rundle

*Robert H. Long*, p.p.

*Charles Jay Bogdanoff*, Assistant District Attorney, for respondent.

WEINROTT, J., July 16, 1962. — Relator, Robert H. Long, filed a petition for a writ of habeas corpus. He was convicted under bill of indictment no. 1849 of January sessions, 1951, on the charges of assault to rob, robbery and robbery by beating, and sentenced by the late Judge Joseph L. Kun to a term of imprison-

ment of not less than five years nor more than ten years in the Eastern State Penitentiary (now State Correctional Institution at Philadelphia). Said sentence was imposed on March 8, 1951, effective as of January 17, 1951. On January 30, 1956, Long, having served the minimum sentence, was released on parole.

On April 23, 1957, while still on parole, relator was found guilty and sentenced under bill of indictment no. 84, December sessions, 1956, for possession and sale of drugs, by the same judge to a term of imprisonment of not less than five years nor more than ten years. On November 8, 1961, Long was notified that he was paroled from this sentence, having served the minimum term of five years. He was then informed that he had been re-entered to serve the remaining portion of his 1951 sentence.

It is to this confinement, namely, November 8, 1961, to October 25, 1966, that Long's petition for a writ of habeas corpus is directed.

An examination of the existing facts and the applicable law led this court to the conclusion that said petition for a writ of habeas corpus should be denied.

The Act of June 22, 1931, P. L. 862, sec. 1, amending the Act of June 19, 1911, P. L. 1055, sec 10, 61 PS (Supp.) §305, categorically requires that a person who is sentenced to imprisonment following a conviction of a crime committed while still on parole, under a sentence previously imposed, must serve both the remaining portion of the old sentence and that imposed for the new or subsequent crime consecutively. See Commonwealth ex rel. Godfrey v. Banmiller, 404 Pa. 401 (1961) ; Commonwealth ex rel. Haun v. Cavell, 190 Pa. Superior Ct. 346 (1959) ; Commonwealth ex rel. Salerno v. Banmiller, 189 Pa. Superior Ct. 156 (1959).

This statute directs the manner and order of service of imprisonment. In this case, relator was sen-

tenced to a place of confinement other than that from which he had been released on parole and, accordingly, must first serve the sentence imposed for the crime committed while on parole, and then serve the balance of the term of the sentence originally imposed.

In view of the foregoing, the court has heretofore entered an order dismissing the petition for a writ of habeas corpus and discharging the rule thereon.