Commonwealth ex rel. Wright, Appellant, *v.* Maroney.

Submitted April 16, 1963. Before RHODES, P.J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Walter L. Wright,* appellant, in propria persona.

*Michael A. Hanna,* District Attorney, for appellee.

OPINION BY RHODES, P.J., June 12, 1963:

This is an appeal by relator from an order of the Court of Common Pleas of Washington County dismissing his petition for a writ of habeas corpus without a hearing.

Relator was sentenced on January 7, 1958, at Nos. 51, 52, and 53, February Term, 1958, Court of Quarter Sessions of Washington County, and No. 1, February Term, 1958, Court of Oyer and Terminer, to imprisonment in the Western State Penitentiary for a period of two to four years, beginning October 31, 1957. Therefore his maximum sentence would have expired on October 31, 1961. Relator was released on parole in 1959. Thereafter, on March 17, 1961, or about seven months before the expiration of his maximum sentence, relator was arrested on charges of robbery and assault and battery alleged to have occurred on March 11, 1961. On February 6, 1962, or about three months after the calendar expiration of his maximum sentence on the prior convictions, relator pleaded guilty to the charges of robbery and assault and battery, and was sentenced on the same day by the court in Washington County to sixty days in the Washington County jail on the assault and battery charge, and to a term of one to two years in the Western State Penitentiary on the robbery charge.

In his petition filed in the Court of Common Pleas of Washington County on September 14, 1962, relator contended, as he does here on appeal, that, since he was not *convicted* until after his maximum sentence would have expired, he cannot be required to serve the balance of his maximum sentence. In this connection relator relies upon section 10 of the Act of June 19, 1911, P.L. 1055. Section 10 of the Act of June 19, 1911, P.L. 1055 as amended by the Act of June 22, 1931, P.L. 862, 61 PS §305, provides: "If any convict released on parole, as provided for in this act, shall, during the period of his or her parole, or while delinquent on said parole, commit any crime punishable by imprisonment for which he or she is at any time thereafter convicted in any court of record and sentenced to any place of confinement other than the penitentiary

from which he or she was released on parole, such convict shall, in addition to the penalty imposed for such crime committed during the said period, and after the expiration of the same, be compelled, by detainer and remand as for an escape, to serve in the penitentiary from which said convict had been released on parole, . . . the remainder of the term (without commutation) which said convict would have been compelled to serve but for the commutation authorizing said parole, . . ." It is true, as the court below pointed out, that section 10 of the original Act of June 19, 1911, P.L. 1055, reads: "If any convict released on parole, as provided for in this act, shall during the period of parole, be convicted of any crime punishable by imprisonment . . ." This does not avail relator here.

In any event, the question raised by relator on the present appeal is ruled by section 21.1 of the Act of August 6, 1941, P.L. 861, which section was added to the Act of 1941 by the Act of August 24, 1951, P.L. 1401, 61 PS §331.21a. This act reads in part:

"(a) Convicted violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, *during the period of parole* or while delinquent on parole, *commits any crime* punishable by imprisonment, *for which he is convicted or found guilty* by a judge or jury or to which he pleads guilty or nolo contendere *at any time thereafter in a court of record,* may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole. The board may, in its discretion, reparole whenever, in its opinion, the best interests of the prisoner justify or require his release on parole and it does not appear that the

interests of the Commonwealth will be injured thereby." (Italics supplied.)

As it relates to the question here raised, the Act of June 19, 1911, P.L. 1055, as amended by the Act of June 22, 1931, P.L. 862, 61 PS §305, has been repealed by implication by the general repeal provision of the Board of Parole Act of August 6, 1941, P.L. 861, and the amendment and supplement of August 24, 1951, P.L. 1401, 1405, 61 PS §331.1 et seq.[1] *Com. ex rel. Haun v. Cavell,* 190 Pa. Superior Ct. 346, 354, 154 A. 2d 257; certiorari denied 363 U.S. 855, 80 S. Ct. 1618, 4 L. Ed. 2d 1737, rehearing denied 364 U.S. 857, 81 S. Ct. 36, 5 L. Ed. 2d 81. Relator is required to serve the balance of his term, for a crime committed while on parole, under either the Act of 1911, as amended, or the Act of 1941, as amended, regardless of when the conviction for the crime committed on parole took place. *Com. ex rel. Salerno v. Banmiller,* 189 Pa. Superior Ct. 156, 149 A. 2d 501; *Com. ex rel. Haun v. Cavell,* supra, 190 Pa. Superior Ct. 346, 154, A. 2d 257; *Com. ex rel. Cooper v. Banmiller,* 193 Pa. Superior Ct. 524, 165 A. 2d 397; *Com. ex rel. Cox v. Banmiller,* 195 Pa. Superior Ct. 218, 171 A. 2d 544; *Com. ex rel. Spader v. Myers,* 196 Pa. Superior Ct. 23, 173 A. 2d 669.

The parole is revocable on breach of certain specified conditions. The requirement that relator serve the balance of the unexpired term is not invalid on the

---

[1] Recommitment of parole violators of the type here involved is now made under section 21.1 of the Pennsylvania Board of Parole Act. The material difference (which is not involved in the present appeal) between the Act of June 19, 1911, P.L. 1055, as amended, and the Board of Parole Acts of 1941 and 1951, is that, under the Acts of 1941 and 1951, the recommitted prisoner, while he must serve the balance of his term, is not required to do so "without commutation," but, in the discretion of the board, may be reparoled. *Com. ex rel. Salerno v. Banmiller,* 189 Pa. Superior Ct. 156, 162, 149 A. 2d 501; *Com. ex rel. Haun v. Cavell,* 190 Pa. Superior Ct. 346, 354, 154 A. 2d 257.

ground that it constitutes ex post facto legislation. *Com. ex rel. Miller v. Myers,* 189 Pa. Superior Ct. 163, 166, 149 A. 2d 507.

The single legal question presented by relator's petition was without merit and no hearing was necessary thereon. *Com. ex rel. Coffman v. Keenan,* 198 Pa. Superior Ct. 80, 82, 182 A. 2d 288.

The order of the court below is affirmed.