## Commonwealth v. Richie

*Frederick F. Coffroth, District Attorney*, for Commonwealth.

*Joseph N. Cascio*, of *Fike, Cascio & Boose*, for defendant.

COFFROTH, *P. J.*, April 16, 1973—This case is here on defendant's motion to withdraw his guilty pleas to the charges of burglary and aggravated assault and battery on a police officer, on the ground that when the pleas were entered he did not know that they would result in revocation of his State parole then being served in connection with another prior offense, and that as a parole violator he would be re-incarcerated to serve the balance of the sentence from which he was paroled.

Some time prior to the arraignment, defendant met with the State Police to discuss these pending charges and other crimes when, according to defendant, the police promised to reinstate his parole in return for his cooperation. Thereafter, on the date of arraignment but shortly before arraignment, a conference in the case was held in chambers attended by the arraignment judge, the district attorney and defense counsel and the State Police, but excluding defendant. At the arraignment, defendant was not informed that his parole would be revoked by pleas of guilty. According to defendant, he assumed at the arraignment that his parole would be reinstated and that the guilty pleas would, therefore, not cause his recommitment to prison; that on his return to prison pending sentence, he was informed, and now believes, that his parole will be revoked and, therefore, wants to withdraw his guilty pleas. There was no promise or arrangement respecting parole made at the conference in chambers; but it appears from the record of the hearing on the present motion (although it does not appear in the arraignment record) that at said conference the district attorney made a commitment to defense counsel to recommend to the court that defendant receive on the pending charges no

greater period of incarceration than that which would result from parole revocation.

The Commonwealth opposes the pending motion, pointing out that the Commonwealth's case is based upon a full written confession voluntarily and intelligently given, and that allowing defendant to withdraw his plea will put the State to an unnecessary trial.

We grant the motion on the basis of the following propositions:

1. In order for a guilty plea to be valid as defendant's voluntary and intelligent act, he must first be informed, inter alia, of its *consequences* to him: Commonwealth v. Riley, 444 Pa. 498, 501; Commonwealth v. Cottrell, 433 Pa. 177, 178; Commonwealth ex rel. Barnosky v. Maroney, 414 Pa. 161, 165. Pennsylvania courts have not yet had occasion fully to define "consequences," but it would seem reasonable to conclude, as have the Federal courts under their Rule 11, that not every result of a guilty plea is a "consequence" of which defendant must be informed within the meaning of the rule of law now under consideration: Berry v. U.S., 412 F. 2d 189 (CA 3, 1969). A plea of guilty to a crime may have many and varied ramifications. Clear thinking will be aided by classifying such results as criminal or civil, and by classifying criminal results as direct (meaning those which may lawfully be imposed as a sentence for the offense or offenses being pleaded to) or collateral (meaning those which though directly resulting from the plea, adversely affect defendant's sentence in some other criminal proceeding). In Commonwealth v. Brunett, 28 Somerset L. J. 76, we held that defendant need not be informed of a collateral *civil* consequence of the plea, such as license sus-

pension. See also Bye v. U.S., 435 F. 2d 177, 179 (CA 2, 1970) and cases there cited.

Unquestionably, defendant must be informed of the "possible punishment" (Commonwealth v. Wright, 444 Pa. 588, 591) and of the "permissible range of sentences" (Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 106) to which defendant may be directly subject in the pending proceedings. This includes increased punishment directly imposable in the pending proceedings under multiple offender statutes. ABA Standards Relating to Pleas of Guilty (Approved Draft) section 1.4(c)(iii). In U.S. v. Myers, 451 F. 2d 402 (CA 9, 1972) it was decided that where defendant is serving a term of State imprisonment when sentenced by the Federal court, he must be informed that the Federal sentence will begin only after release from State custody; the court said that defendant must be informed of all consequences of the plea affecting the term of imprisonment. Similarly, a majority of the Federal courts have held that where the offense to which defendant is pleading is such as by statute makes him ineligible for parole, he must be so informed at the arraignment because it affects the period of possible confinement; Berry v. U.S., supra; Bye v. U.S., supra, U.S. v. Smith, 440 F. 2d 521 (CA 7, 1971) (Stevens, J., dissenting).

In the instant case, defendant's pleas subject him not only to the usual sentences for the offenses charged, as a direct consequence of the plea, but also to the collateral criminal consequence of parole revocation in his previous conviction. Under our statutes (61 P.S. §§305 and 331.21a), conviction during parole of another crime punishable by imprisonment subjects defendant to revocation of

parole, in which event he is required to serve the balance of the parole term in addition to any sentence of imprisonment imposed on the new offense. This consecutive serving of sentences is a mandatory consequence which the court may not vary: Commonwealth ex rel. Godfrey v. Banmiller, 404 Pa. 401; Commonwealth v. Draper, 222 Pa. Superior Ct. 26; Commonwealth ex rel. Wright v. Maroney, 201 Pa. Superior Ct. 118; Commonwealth ex rel. Haun v. Cavell, 190 Pa. Superior Ct. 346. Although the parolee is a parole violator when the subsequent offense is committed during the parole, it is necessary that he be *convicted* of the subsequent offense in order to trigger the statutory consequence. See Commonwealth ex rel. Wells v. Russell, 86 Dauphin 191. Since a guilty plea is a conviction, this defendant is faced with additional imprisonment under the statute on his previous conviction if the pleas stand.

We believe that the rationale of the above-cited Federal cases, requiring that defendant be informed of plea consequences affecting the term of imprisonment, is applicable here, even though the consequence here is collateral rather than direct. In another but related context, our Supreme Court has recognized the relevance and importance to defendant of collateral criminal consequences. See Commonwealth v. Sheehan, 446 Pa. 35, and Commonwealth ex rel. Ulmer v. Rundle, 421 Pa. 40. Accordingly, we hold that, under the circumstances of this case, defendant was entitled to be informed at the arraignment of the parole violation consequences of a guilty plea.

2. Ignorance of the consequences of a plea is a ground for withdrawal: Commonwealth v. Phelan, 427 Pa. 265. Withdrawal requests made before

sentencing, as here, should be liberally allowed: Commonwealth v. Forbes, 450 Pa. 185.

3. Although defendant says he knew of the effect of a guilty plea upon a parole, he asserts that he did not know or believe that such consequence would be imposed in this case. This is, in effect, a denial that he understood the consequences of his pleas. We need not pass on the credibility of his story because the arraignment record supports his assertion that he was not advised that his parole would be adversely affected; accordingly, the burden is shifted to the Commonwealth to establish affirmatively that defendant in this case, at this arraignment in fact knew that a guilty plea would subject him to re-incarceration as a parole violator on the sentence from which he was paroled which must be served in addition to any imprisonment imposed on the pending charges: Boykin v. Alabama, 395 U.S. 238 (1969); Commonwealth v. Belgrave, 445 Pa. 311. That burden was not met. The Commonwealth could have avoided that burden by requesting the court at the arraignment to inform defendant of this consequence under the Pennsylvania statute. The fact that defendant was on parole when the offenses here involved were allegedly committed was known to the Commonwealth at the time of arraignment, and it should have been brought to the court's attention with a request for a proper instruction on the record. The obligation thus imposed upon the Commonwealth is slight indeed when balanced against the serious consequences to defendant of becoming a parole violator under the statute by reason of his guilty plea.

4. The district attorney's commitment to defendant to recommend to the court that any term of imprisonment imposed on the pending charges

should not exceed the time required to be served on the prior sentence, while only a promise to recommend, clearly implies that the new sentence may validly run concurrently with the old if the court so directs. But the law is otherwise and the Commonwealth's commitment was, therefore, misleading and inaccurate. Under the statute, one who commits a crime while on parole must serve the unexpired portion of the sentence from which he was paroled in addition to the sentence imposed for the crime committed while on parole; the sentence for the latter crime and the remaining portion of the former sentence *cannot* run concurrently, and the court is powerless to so direct: Commonwealth ex rel. Godfrey v. Banmiller, and cases cited supra. If that commitment played any part in inducing defendant's pleas, that alone is sufficient to vitiate them.

5. The strength of the Commonwealth's case against defendant is irrelevant to the problem in this case. While a strong case may furnish a factual basis for the plea, it does not go to the question of whether the plea was otherwise an informed and intelligent act.

## ORDER

Now, April 16, 1973, defendant's motion to withdraw his pleas of guilty and to enter pleas of not guilty is granted. The motion of assigned defense counsel for leave to withdraw as counsel is denied; his motion for the assignment of assistant defense counsel is granted, and such an appointment will be made.