577

Commonwealth ex rel. Thomas, Appellant, *v.*
Myers.

Submitted November 12, 1965.   Before BELL, C. J.,
MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROB-
ERTS, JJ.

*Phillip Clark Thomas,* appellant, in propria persona.

*Ted E. Freedman* and *Joseph M. Smith,* Assistant District Attorneys, *F. Emmett Fitzpatrick, Jr.,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE JONES, January 4, 1966:

On March 2, 1960, Phillip C. Thomas (Thomas), was found guilty of voluntary manslaughter in the Court of Quarter Sessions of Philadelphia County and sentenced by Judge CHUDOFF to serve a minimum term of two and one-half years and a maximum term of five years and was incarcerated in accordance with such sentence. This sentence, effective September 2, 1959, resulted in a minimum date of confinement of March 2, 1962 and a maximum date of September 2, 1964. Upon completion of his minimum sentence, Thomas was paroled by the Pennsylvania Board of Parole (Board) on March 2, 1962.

While on parole, Thomas was found guilty of aggravated robbery and was sentenced by Judge SPORKIN of the Court of Quarter Sessions of Philadelphia County to serve a minimum of one and one-half years and a maximum of four years and was incarcerated in accordance with such sentence. On December 3, 1963, Thomas was granted a parole in connection with this sentence and on that date he was returned to the State Correctional Diagnostic Center, Philadelphia, as a convicted parole violator. On March 3, 1964, Thomas was transferred to the State Correctional Institution at Graterford, where he is presently incarcerated and serving the unexpired term of his original sentence.

On May 19, 1965, Thomas filed a petition for a writ of habeas corpus in the Court of Common Pleas No. 2 of Philadelphia County, alleging that he was being illegally confined beyond the maximum expiration date

of the original sentence imposed by Judge CHUDOFF, that he was incarcerated as a "convicted parole violator" without being indicted, tried or represented by counsel and that his confinement beyond the maximum date of the original sentence offended his constitutional rights. The court granted a rule to show cause why the writ should not issue, an answer was filed thereto both by the superintendent of the institution wherein Thomas was confined and the district attorney and a hearing held at which Thomas was present. Judge GUERIN of the Court of Common Pleas No. 2 of Philadelphia County dismissed the petition and refused the writ. From that order this appeal is taken.

It is clear beyond question, on the instant record, that, after having served the minimum term of his original sentence, Thomas, while on release as a parolee, was convicted of the crime of aggravated robbery a crime punishable by imprisonment—and that, after being released from confinement on the sentence imposed on the charge of aggravated robbery, he was returned to the custody of the Parole Board and recommitted as a violator of his parole.

The statute (Act of August 6, 1941, P. L. 861, §21.1, added August 24, 1951, P. L. 1401, §5, as amended, 61 P.S. §331.21(a) provides: "(a) Convicted violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, *and*

*he shall be given no credit for the time at liberty on parole".* (Emphasis added).

In the exercise of its discretion, the Board recommitted Thomas and such recommitment extended the date of his maximum term on the original sentence. Such action does not offend any constitutional right of Thomas. In *Commonwealth ex rel. Sparks v. Russell,* 403 Pa. 320, 169 A. 2d 884, we held that, where a prisoner on parole is convicted of another crime, the Board, under the Act of 1941, supra, has the authority to recommit the prisoner to serve the balance of the term which he would have been compelled to serve had he not been paroled and to forfeit any credit for the time he was at liberty on parole, the so-called "street time".

In *U.S. ex rel. Pitchcuskie v. Rundle,* 218 F. Supp. 567, 568, the court said: "The question of the right of a Parole Board to recommit a parolee who has been convicted of a crime while on parole to serve the unexpired balance of his original maximum sentence has been determined in a number of instances. Commonwealth ex rel. Carmelo v. Burke, 168 Pa. [Superior Ct.] 109, 78 A. 2d 20 (1951), is authority for the proposition that a Parole Board is under no constitutional obligation to diminish the length of the sentence of a recommitted parolee by a period equal to the time when the prisoner was on parole. This is also the Federal rule. Howard v. U.S., 274 F. 2d 100, 103 (8 Cir. 1960). See also Anderson v. Corall, 263 U.S. 193, 44 S. Ct. 43, 68 L. Ed. 247 (1923)." See also: *Commonwealth ex rel. Spader v. Myers,* 196 Pa. Superior Ct. 23, 27, 173 A. 2d 669, 671; *Commonwealth ex rel. Cox v. Banmiller,* 195 Pa. Superior Ct. 218, 219, 171 A. 2d 544, 545, 546; *Commonwealth ex rel. Brawner v. Day,* 181 Pa. Superior Ct. 568, 571, 124 A. 2d 410, 412; *Commonwealth ex rel. Tiscio v. Martin,* 180 Pa. Superior Ct. 462, 468, 120 A. 2d 307, 309, 310. Cf. *Commonwealth ex rel. Godfrey v. Banmiller,* 404 Pa. 401, 171 A. 2d 755.

Thomas next contends that the 1941 statute, supra, is an unconstitutional "bill of attainder" which subjects him to "double jeopardy" and is violative of the due process and equal protection clause of the United States Constitution. This contention has been squarely determined adversely to Thomas in *United States ex rel. Horne v. Pa. Board of Parole,* 234 F. Supp. 368. In *Horne,* the court held: (a) the 1941 statute did not authorize punishment without trial and the prisoner's incarceration was "in execution of the original sentence which sentence was only provisionally suspended by relator's parole" (p. 370); (b) the prisoner is not placed in double jeopardy because he is not being punished or tried twice for the same offense and, by the act of parole revocation, he is required to serve only his full sentence, a requirement resulting from the breach of the terms of his conditional release from prison; (c) no violation of either the due process or equal protection clause of the Constitution are involved. With *Horne* we are in full agreement.

Lastly, Thomas argues that, constitutionally, his recommitment as a parole violator could take place only after he had been indicted and tried and only then when represented by counsel. In *Escoe v. Zerbst,* 295 U.S. 490, 55 S. Ct. 818, 79 L. Ed. 1566 (1935) the United States Supreme Court has held that one on parole has no constitutional right to a hearing prior to the revocation of parole, and that whatever right exists in a particular jurisdiction derives solely from the existence of statutory provisions requiring a hearing. Very recently this Court has considered the nature of a parole hearing in *Commonwealth ex rel. Hendrickson v. Pa. State Board of Parole,* 409 Pa. 204, 208, 185 A. 2d 581, 584: "Since, therefore, the legislature in this Commonwealth has determined that a parolee who commits a technical violation can be recommitted only after a hearing, a parolee is entitled to a hearing as a

matter of right. The hearing procedure, however, is only as extensive as the legislature intended to make it. We are called upon here to interpret the legislative mandate . . . it is apparent that the legislature did not intend that the Board should be required to hold a formal hearing with proceedings which are quasi-judicial in character. Indeed, the only person whom the Board is actually required to hear under the Act of 1941 is the parolee. All other information and evidence may be brought to the attention of the Board as a result of a report prepared by its agents or employees. Accordingly, the hearing need only be summary in character. See Annot. 29 A.L.R. 2d 1074 (1953)." Thomas, prior to revocation of his parole and recommitment, was furnished a hearing appropriate to the occasion[1] and not constitutionally offensive.

Moreover, at such hearing Thomas had no right under the Constitution either of the United States or Pennsylvania or under Pennsylvania statutes to representation by counsel. In *Hock Jr. v. Hagan,* 190 F. Supp. 749, the court, in a well considered opinion, concluded that the failure of representation by counsel at a parole revocation hearing in Pennsylvania did not invalidate the proceedings. See also: *Jones v. Rivers,* 338 F. 2d 862; *Hyser v. Reed,* 318 F. 2d 225; *Gibson v. Markley,* 205 F. Supp. 742. In our view, there is neither a constitutional nor statutory right in an indigent paroled prisoner to have counsel appointed to represent him at a hearing bearing on the revocation of his parole.

In *Hyser,* supra, p. 235, the Court well said: "A paroled prisoner can hardly be regarded as a 'free' man;

---

[1] For instance, there is a considerable difference between a recommitment by the Board for a "technical violation" of a parole and for a conviction of a crime while on parole. In the first situation, inasmuch as the loss of credit for so-called "street time" commences only as of the *date* of the "technical violation" of the parole, it is essential that *such* date be established at a hearing.

he has already lost his freedom by due process of law and, while paroled, he is still a convicted prisoner whose tentatively assumed progress towards rehabilitation is in a sense being 'field tested'. Thus it is hardly helpful to compare his rights in that posture with his rights before he was duly convicted."

We have considered all Thomas' contentions and find no merit in them.

Order affirmed.