IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Reyes,                           :
                    Petitioner          :
                                        :
            v.                          :      No. 1351 C.D. 2015
                                        :      Submitted: February 26, 2016
Pennsylvania Board of Probation         :
and Parole,                             :
                    Respondent          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                              FILED: June 8, 2016

            Samuel Reyes, *pro se*, petitions for review of an order of the
Pennsylvania Board of Probation and Parole (Board) recommitting him as a
convicted parole violator and recalculating his maximum sentence date. Reyes
argues that the Board erred in its calculation by not giving him credit for time spent
at liberty on parole. For the reasons that follow, we affirm.

            Reyes is currently incarcerated in the State Correctional Institution at
Dallas on a three year, six months to eight year sentence for criminal conspiracy
and robbery. Reyes' minimum sentence date was July 3, 2010, and his maximum
sentence date was January 3, 2015. On July 26, 2010, Reyes was paroled to the
Youthbuild Residential Program in York, Pennsylvania. Reyes was discharged
from the program on October 25, 2010, and placed in the York County Prison until
October 29, 2010, when he was released to another community corrections center.

On May 29, 2012, Reyes was arrested on new criminal charges for Unlawful Possession of a Firearm. The following day, the Board lodged a warrant to commit and detain Reyes. On March 11, 2013, Reyes' bail was changed from $25,000 monetary to $25,000 unsecured. Reyes posted bail, but remained confined due to the Board's warrant. On August 4, 2014, Reyes was convicted of Unlawful Possession of a Firearm. On September 24, 2014, the Court of Common Pleas of Luzerne County sentenced Reyes to a six to twelve year term of confinement in a state correctional institution.[1] Thereafter, on October 8, 2014, the Board provided Reyes with a notice of charges, and he requested a panel hearing. On December 30, 2014, a Board panel conducted a revocation hearing.

On February 5, 2015, the Board recommitted Reyes as a convicted parole violator and calculated his parole violation maximum sentence date as September 14, 2017. Reyes submitted an "Administrative Remedies Form" to the Board on March 10, 2015, alleging various constitutional violations as a result of the Board's computation of his new maximum sentence date. The Board treated Reyes' "Administrative Remedies Form" as a petition for administrative review of the Board's decision. During review, the Board discovered an error in the computation of Reyes' new maximum release date. Accordingly, by decision dated June 10, 2015, the Board changed Reyes' maximum release date from September 14, 2017, to August 15, 2017.[2] Reyes administratively appealed the

---

[1] Subsequently, on October 24, 2014, the Luzerne County Court of Common Pleas vacated this sentence and imposed a sentence of five to ten years at a state correctional institution.

[2] The Board provided the following explanation regarding how it calculated Reyes' new maximum release dates:

> When Reyes was released on parole on July 26, 2010, his Original Sentence maximum date was January 3, 2015. This resulted in Reyes owing 1,622 days of backtime toward his Original Sentence. The Board provided Reyes with 4 days of

**(Footnote continued on the next page . . .)**

Board's revised decision. On August 21, 2015, the Board denied Reyes' appeal. Reyes petitioned for this Court's review.

On appeal,[3] Reyes argues that: (1) the Board erred in failing to give him credit for the time he was at liberty on parole; (2) Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2), is unconstitutional; (3) the Board erred in calculating his parole violation maximum date; and (4) the Board violated his due process rights by failing to timely respond to his administrative appeal. The Board argues that its actions were lawful, and its adjudication should be affirmed. We agree.

First, we consider the issue of credit for time spent on parole, also referred to as "street time." Reyes' recommitment is governed by Section 6138(a) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a). It states, in relevant part:

   (a)  Convicted violators.—

---

**(continued . . .)**

confinement time credit (i.e. time spent incarcerated during the parole period without being recommitted) for the period of October 25, 2010 to October 29, 2010. Subtracting 4 days from 1,622 days results in Reyes owing 1,618 days toward his Original Sentence.

The Board also provided Reyes with 592 days of backtime credit (i.e. time spent incarcerated solely on the Board's warrant prior to the recommitment order) for the period of March 11, 2013 to October 24, 2014. Subtracting 592 days from 1,618 days results in Reyes owing 1,026 days toward his Original Sentence.

Reyes became available to begin serving his Original Sentence backtime on October 24, 2014, when he was sentenced in his Luzerne 3159-2012 case. Adding 1,026 days to October 24, 2014 results in Reyes' new Original Sentence maximum date of August 15, 2017.

Board Brief at 6-7 (internal citations omitted).

[3] In conducting our review, we must determine whether an error of law was committed, constitutional rights were violated, or the Board's decision is not supported by substantial evidence. *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 769 n.4 (Pa. Cmwlth. 2015).

3

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and … shall be given no credit for the time at liberty on parole.

61 Pa. C.S. §6138(a). Section 6138(a)(2.1) of the Prisons and Parole Code states that "[t]he [B]oard may, in its discretion, award credit to a parolee recommitted … for the time spent at liberty on parole," with three enumerated exceptions, none of which are applicable in this case.[4] 61 Pa. C.S. §6138(a)(2.1).

In his appeal, Reyes does not challenge the Board's decision to recommit him as a convicted parole violator for his new conviction of unlawful possession of a firearm. Because Reyes was recommitted as a convicted parole violator, the Prisons and Parole Code required him to serve the remainder of his term without credit for his street time unless the Board, in its discretion, determined to award him credit. 61 Pa. C.S. §§6138(a)(2), 6138(a)(2.1). Here, the

---

[4] "The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply: (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa. C.S. §9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa. C.S. Ch. 97 Subch. H (relating to registration of sexual offenders); (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order)." 61 Pa. C.S. §6138(a)(2.1).

4

Board exercised its discretion and affirmatively chose to deny Reyes credit for his street time. Certified Record at 85 (C.R. __ ). Pennsylvania law presumes that the Board acted lawfully and exercised its discretion in good faith. *See generally Robinson v. City of Philadelphia*, 161 A.2d 1, 5 (Pa. 1960) ("Public officials are presumed to have acted lawfully and in good faith until facts showing the contrary are averred, or in a proper case are averred and proved.").

In his second issue, Reyes argues that Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa. C.S. §6138(a)(2), is unconstitutional because it permits the Board to deny an offender credit for time at liberty on parole, thereby extending a judicially-imposed sentence, in violation of the Eighth Amendment's prohibition against cruel or unusual punishment and the proscription against double jeopardy.

Our Supreme Court has explained:

The effectiveness of parole as a penological device to assist in the reintegration of the offender into society as a useful member is dependent upon the state's power to impose reasonable conditions upon the offender who serves in that status. This Court and the courts of the federal system have recognized that *statutes denying credit on sentence for time spent on parole, where the offender has committed and has been convicted of an offense while serving in the parole status, represent a reasonable exercise of the penological responsibility and does not offend the constitutional guarantees to the citizens of the state and this nation.*

*Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 847 (Pa. 1979) (footnotes omitted and emphasis added). Additionally, in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980), our Supreme Court held as follows:

5

Section 21.1 of the Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. § 331.21a(a),[5] provides that a parolee who is convicted of committing a crime while on parole "shall be given no credit for the time at liberty on parole." In *Commonwealth ex rel. Thomas v. Myers*, 419 Pa. 577, 215 A.2d 617 (1966), this court sustained the constitutional validity of the above statute, concluding that it constituted neither a bill of attainder nor a denial of due process, and did not violate the proscription against double jeopardy. The Thomas Court noted that the Board may require a parolee who is convicted of a crime while on parole to serve the unexpired balance of his original maximum sentence. This court also noted that "a Parole Board is under no constitutional obligation to diminish the length of the sentence of a recommitted parole by a period equal to the time when the prisoner was on parole." *Id.* at 580, 215 A.2d 619. Finally, when the Board refuses to credit a convicted parole violator with time spent free on parole there is neither a usurpation of the judicial function of sentencing nor a denial of the procedural safeguards to which persons are entitled. *Knisley v. Pennsylvania Bd. of Prob. and Parole*, 26 Pa. Cmwlth. 185, 362 A.2d 1146 (1976).

(internal footnote omitted). Because the constitutionality of the Board's authority to deny credit to convicted parole violators for "street time" has been repeatedly upheld, Reyes' contention that Section 6138(a)(2) is unconstitutional must fail.

We next consider Reyes' argument that the Board erred in recalculating his maximum sentence date. At the outset, we note that the Board has "the power to recommit a convicted parole violator to serve the balance of the court-imposed maximum sentence if the new crime was committed by the parolee

---

[5] Section 21.1 of the former Parole Act, Act of August 6, 1941, P.L. 861, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §§331.21a(a), is the predecessor of Section 6138, and provided, in pertinent part: "If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole…." Section 21.1 was repealed by the Act of August 11, 2009, P.L. 147.

before the expiration of the maximum sentence originally imposed." *Knisley v. Pennsylvania Board of Probation and Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976). Further, "the constitutional challenges to this procedure [have been] rejected by this Court…." *Id.* In short, because Reyes was recommitted as a convicted parole violator, the Board was authorized to require him to serve the balance of his original sentence.

Further, when computing the time to be served on a convicted parole violator's original sentence, a parolee's time spent at liberty on parole is added to the original maximum sentence expiration date to create a new maximum sentence date. *Armbruster v. Pennsylvania Board of Probation and Parole,* 919 A.2d 348, 351 (Pa. Cmwlth. 2007). When Reyes was paroled on July 26, 2010, his maximum sentence date was January 3, 2015. C.R. 121. Therefore, Reyes had 4 years, 5 months and 8 days, or 1,622 days, remaining on his sentence. *Id.* He was entitled to credit for the time he was incarcerated between October 25, 2010, and October 29, 2010, which was 4 days. In addition, he was entitled to credit for the time he was incarcerated from March 11, 2013, to October 24, 2014, which was 1 year, 7 months and 13 days, or 592 days. *Id.* After applying that credit, Reyes had 2 years, 9 months and 21 days, or 1,026 days, remaining on his original sentence. Adding 1,026 days to October 24, 2014, results in a parole violation maximum date of August 15, 2017. Thus, the Board did not err in calculating Reyes' maximum sentence date to be August 15, 2017.

Lastly, Reyes argues that the Board denied him due process when it failed to respond timely to his March 10, 2015, "Administrative Remedies Form," which the Board treated as a petition for administrative review. Reyes points out that more than 90 days passed before the Board responded, first, by issuing a

7

decision recorded June 10, 2015, changing his parole violation maximum date to August 15, 2017, and second, on June 23, 2015, dismissing his petition for administrative review on the basis that his objection to the prior maximum sentence date calculation was moot. The Board counters that the Prisons and Parole Code and the Board's regulations do not prescribe a time within which the Board must respond to a petition for administrative review; therefore, the Board's response – albeit approximately three months after Reyes' petition – was timely and did not deny Reyes due process.

The Board is correct that neither the Prisons and Parole Code nor the related regulations set a deadline for the Board to act on a parolee's administrative appeal of a revocation decision. *See generally* 61 Pa. C.S. §§6101-6153; 37 Pa. Code §§61.1-77.1. However, that does not give the Board *carte blanche*. We considered this issue in *Slotcavage v. Pennsylvania Board of Probation and Parole*, 745 A.2d 89 (Pa. Cmwlth. 2000), where the parolee argued that the Board violated his equal protection and due process rights because it took six months to decide his administrative appeal. This Court responded as follows:

> Assuming that the six-month delay was an unreasonable amount of time for the Board to issue a decision, a parolee's due process rights to access the courts are not violated when a parole board puts off making a decision of parole until the parolee serves his time on other crimes. *Moody v. Daggett,* 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Likewise, Pennsylvania courts have required a showing of harm on the part of a parolee challenging the parole revocation process. In *Commonwealth v. Marchesano,* 519 Pa. 1, 544 A.2d 1333 (1988), our Supreme Court held that where a probationer did not suffer any actual prejudice, a five month and three week delay in the probation revocation process did not violate the speedy process rule of Pa.R.Crim.P. 1409 concerning probation from "county-time," especially where the parolee would have been incarcerated in any event because he was serving time for

8

other offenses. In the present case, the Board completed the entire revocation process on March 2, 1999, when it denied Slotcavage's administrative appeal, approximately eight years before the expiration of his sentence on the federal drug charges. *Because he was not prejudiced by the Board's delay in responding to his administrative appeal, Slotcavage's due process rights under the United States and Pennsylvania Constitutions were not violated.*

*Id.* at 91-92 (internal footnotes omitted and emphasis added). In sum, a "delay" by the Board does not implicate constitutional rights where it does not cause prejudice.

Here, the Board took approximately three months to rule on Reyes' petition for administrative review. The certified record shows that the Board discovered an error and revised its prior calculation of Reyes' maximum sentence date. Specifically, in its initial decision, the Board gave Reyes credit on his original sentence for the time period from March 11, 2013, to September 24, 2014. Upon further review, the Board discovered that Reyes was also entitled to credit for his confinement from March 11, 2013, to October 24, 2014, or 30 more days. Accordingly, the Board reduced Reyes' maximum sentence date by decision mailed to Reyes on June 15, 2015. The Board dismissed Reyes' petition for administrative review as moot.[6] Reyes did not suffer any prejudice by the Board's delay in responding to his petition for administrative review; rather, he benefitted. Assuming that taking three months to respond to Reyes' administrative review

---

[6] Reyes contends that his petition for administrative review should not have been dismissed as moot; however, the Board, by recalculating his parole violation maximum date, addressed his objection to the prior maximum sentence date calculation. Furthermore, on July 7, 2015, Reyes filed an administrative appeal to the Board's June 10, 2015, decision modifying his parole violation maximum date, which was denied on August 21, 2015. C.R. 131-37.

9

request constitutes a "delay," it did not violate Reyes' constitutional rights because it caused him no prejudice.

For these reasons, the order of the Board is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Samuel Reyes,                          :
             Petitioner          :
                              :
              v.                  :    No. 1351 C.D. 2015
                              :
Pennsylvania Board of Probation        :
and Parole,                            :
             Respondent          :

# **O R D E R**

AND NOW, this 8th day of June, 2016, the order of the Pennsylvania Board of Probation and Parole dated June 23, 2015, in the above-captioned matter is hereby AFFIRMED.

                                    _____

                                    MARY HANNAH LEAVITT, President Judge