IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Tyrone Eldridge, | : |
|         Petitioner | : |
| | : |
|         v. | : No. 2554 C.D. 2015 |
| | : Submitted: February 10, 2017 |
| Pennsylvania Board | : |
| of Probation and Parole, | : |
|         Respondent | : |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT               FILED: May 30, 2017

        Tyrone Eldridge, an inmate at SCI-Coal Township, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal.[1] Eldridge asserts that the Board erred in recalculating and extending his maximum sentence date after recommitting him for violating his parole. Eldridge's appointed counsel, James L. Best, Esquire (Counsel), has petitioned for leave to withdraw his representation. For the following reasons, we grant Counsel's petition and affirm the Board's order.

        On May 24, 1991, Eldridge was sentenced to a minimum of 12 years to a maximum of 25 years after his conviction for robbery and possession of an

---

[1] Initially, Eldridge filed a petition for post-conviction relief in the Court of Common Pleas of Philadelphia County on June 16, 2015. On December 1, 2015, the Court of Common Pleas transferred the petition to this Court, finding that it raised no cognizable issues under the Post Conviction Relief Act, 42 Pa. C.S. §§9541-9546. On January 4, 2016, this Court issued an order treating Eldridge's petition as a petition for review of a Board adjudication.

instrument of crime. At the time the sentence was imposed, Eldridge's maximum sentence date was December 13, 2015. Between 2003 and 2006, the Board granted Eldridge parole twice but revoked it for parole violations. On July 2, 2007, Eldridge was again released on parole. He was declared delinquent effective April 30, 2009. On September 1, 2009, Eldridge was arrested for retail theft. The Board recommitted him as a technical parole violator and gave him no credit for the 125 days he was delinquent from April 30, 2009, to September 2, 2009.[2] As a result, Eldridge's maximum sentence on the robbery offense was extended to April 16, 2016.

On November 13, 2012, Eldridge was released on parole from SCI-Chester. On August 19, 2013, the Board issued a warrant to commit and detain Eldridge for violation of parole conditions. He was then sent to a parole violation center and reparoled on December 9, 2013. On May 13, 2014, Eldridge was arrested for retail theft in Delaware County, which prompted the Board, on the same day, to issue a warrant to commit and detain Eldridge. On July 14, 2014, Eldridge pled guilty and was sentenced to 12 months of probation.

On September 29, 2014, the Board recommitted Eldridge as a convicted parole violator and recalculated his maximum sentence on his robbery

---

[2] The Board committed and detained Eldridge on September 2, 2009. The Board forfeited Eldridge's delinquent time pursuant to Section 6138(c)(2) of the Prisons and Parole Code (Parole Code), which states:

> (c) Technical violators.—
>
> > (2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with *no credit for delinquent time* and may be reentered to serve the remainder of the original sentence or sentences.

61 Pa. C.S. §6138(c)(2) (emphasis added).

offense to February 4, 2020. In doing so, the Board charged Eldridge with 1,250 days of backtime remaining on the robbery offense and forfeited his street time, *i.e.*, the time he spent at liberty on parole, which totaled 1,596 days (or four years, four months and fourteen days). The Board credited Eldridge for 753 days he was in restrictive programs or otherwise in custody. The Board also gave Eldridge 62 days of credit for the time he was detained under the Board's warrant pending new criminal charges from May 13, 2014, to July 14, 2014.

On October 8 and 27, 2014, Eldridge wrote letters to the Board requesting administrative relief, arguing, *inter alia*, that the Board erred by not crediting his sentence for 1,596 days of street time, which he alleged was spent "in good standing." Certified Record at 157. Eldridge further argued that the Board had no authority to change the sentence imposed by a court.

On May 27, 2015, the Board issued a final determination denying Eldridge's requests for administrative relief. The determination explained that the Board recalculated Eldridge's maximum sentence based on his recommitment as a convicted parole violator; the Board had statutory authority to forfeit all of the time Eldridge was at liberty on parole; and the recalculation did not violate any of Eldridge's constitutional rights. Accordingly, the Board affirmed its earlier decision of September 29, 2014. Eldridge petitioned for this Court's review.[3]

---

[3] Our scope of review is to determine whether the Board erred as a matter of law or violated the parolee's constitutional rights or whether the Board's decision is supported by substantial evidence. *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 695 n.3 (Pa. Cmwlth. 2009).

3

On appeal, Eldridge argues that the Board erred by recalculating and extending his maximum sentence date. Petition for Review at 5.[4] Counsel has filed an application for leave to withdraw as counsel and a no-merit letter, also referred to as a "Turner/Finley letter,"[5] on the ground that Eldridge's issue on appeal lacks merit. Thereafter, this Court issued an order dated May 12, 2016, advising Eldridge, *inter alia*, of his right to obtain substitute counsel or file a brief on his own behalf, and directing Counsel to serve a copy of the order on Eldridge. Counsel filed a certificate of service with this Court on May 13, 2016, certifying service on Eldridge.

Upon review, this Court concluded that Counsel's no-merit letter failed to address all of the issues raised by Eldridge. *Eldridge v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2554 C.D. 2015, filed September 12, 2016) (unreported). We denied Counsel's petition to withdraw and

---

[4] In his petition, Eldridge also raises claims under the Post Conviction Relief Act. He asserts that during the plea bargain for his new charges, the prosecutor and his counsel failed to inform him that the Board could extend his maximum sentence on the original offense. Eldridge claims that his counsel's assistance was ineffective, and the guilty plea he entered was unlawfully induced. Eldridge further asserts that the trial court knew that he was not properly informed during the plea bargain but nonetheless accepted his plea and sentenced him.

This Court does not have jurisdiction over a claim raised under the Post Conviction Relief Act. 42 Pa. C.S. §9545(a) ("Original jurisdiction over a proceeding under [the Post Conviction Relief Act] shall be in the court of common pleas. No court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter."). Accordingly, we will not address Eldridge's claims for post-conviction relief.

[5] In *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), the Pennsylvania Supreme Court, applying *Pennsylvania v. Finley*, 481 U.S. 551 (1987), held that counsel seeking to withdraw from a case in which the right to counsel does not derive from the United States Constitution may provide a "no-merit letter" which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless."

granted him leave to amend. Counsel has filed an amended petition to withdraw, which we now consider.

We first review the technical prerequisites imposed upon appointed counsel who wishes to withdraw his representation.

> *Turner/Finley* counsel must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley,* the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)). If counsel's no-merit letter complies with the technical requirements, this Court will independently review the merits of the petitioner's claims. *Hughes v. Pennsylvania Board of Probation and Parole,* 977 A.2d 19, 25 (Pa. Cmwlth. 2009).

In the matter *sub judice*, Counsel's no-merit letter satisfies the technical requirements of *Turner/Finley*. In his letter, Counsel thoroughly analyzed Eldridge's issues on appeal and explained why each is devoid of merit. Counsel certified that he mailed a copy of his petition to withdraw and no-merit letter to Eldridge at SCI-Coal Township. Further, Counsel served a copy of this Court's May 12, 2016, order on Eldridge, advising him that he could either obtain

5

substitute counsel or file a brief on his own behalf. Having determined that Counsel has complied with the technical requirements of *Turner/Finley*, we next consider the merits of the underlying claim.

Eldridge argues that the Board, by recalculating and extending his maximum sentence, violated his right to due process. Eldridge asserts that the Board, a "civil servant," has no authority to extend a judicially-imposed maximum sentence. Petition for Review at 5. According to Eldridge, state statutes require imposition of definite maximum terms, but the Board "continues to treat [m]aximum sentences as indefinite upon violation of parole by the offender." *Id.* at 4. This argument lacks merit.

It is well settled that the Board has the authority to forfeit street time when a parolee is recommitted as a convicted parole violator. Section 6138(a)(1) and (2) of the Parole Code states, in relevant part:

>  (a)   Convicted violators. –
>
>> (1)   A parolee … who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.
>
>> (2)   *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under*

> *paragraph (2.1),[6] shall be given no credit for the time at liberty on parole.*

61 Pa. C.S. §6138(a)(1) and (2) (emphasis added). In short, convicted parole violators are not entitled to credit for their street time. When the Board recommits a parolee due to criminal convictions, it has the authority to recalculate the parolee's maximum sentence date to account for his forfeited street time, regardless of whether he is in good standing or delinquent. *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011).

Our Supreme Court has explained the differences between a judicially-imposed sentence and backtime:

> The distinction between sentences imposed by the judiciary upon convicted criminal defendants and backtime compelled by the Board upon parole violators is significant. A sentence can be defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a new criminal prosecution and which imposes the term of punishment to be served…. By way of comparison, *backtime is "that part of an existing judicially-imposed sentence which the Board directs a parolee to complete* following a finding[,] after a civil administrative hearing[,] that the parolee violated the terms and conditions of parole,"* and before the parolee begins to serve the new sentence.

*Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 303 (Pa. 2003) (citations omitted) (emphasis added). Stated otherwise, "service of backtime relates to the original sentence from which an offender is paroled and is unrelated

---

[6] Paragraph (2.1) under Section 6138(a) of the Parole Code provides that the Board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole unless one of the enumerated exceptions applies. 61 Pa. C.S. §6138(a)(2.1).

7

to any sentence required for a conviction on other criminal charges." *Id.* The Board's authority to direct a parolee who is convicted of a crime committed while on parole to serve the unexpired balance of his original maximum sentence does not usurp a court's sentencing function or constitute a violation of a parolee's due process rights. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980). Further, our Supreme Court has observed that the Board "is under no constitutional obligation to diminish the length of the sentence of a recommitted parolee by a period equal to the time when the prisoner was on parole." *Id.* (quoting *Commonwealth ex rel. Thomas v. Myers*, 215 A.2d 617, 619 (Pa. 1966)). Accordingly, we reject Eldridge's challenge to the Board's authority to recalculate his maximum sentence date.

We further conclude that the Board did not err in recalculating the maximum sentence date on Eldridge's robbery offense. The Board paroled Eldridge on November 13, 2012, with a maximum sentence date of April 16, 2016. This left Eldridge with 1,250 days remaining on his robbery sentence. On September 29, 2014, Eldridge was recommitted due to his criminal conviction of retail theft. As a convicted parole violator, he was not entitled to any credit for street time, *i.e.*, the time he spent on parole. In recalculating Eldridge's maximum sentence date, the Board forfeited a total of 1,596 days of his street time from (a) February 10, 2003, to March 14, 2005 (763 days); (b) April 10, 2006, to September 22, 2006 (165 days); and (c) July 2, 2007, to April 30, 2009 (668 days). Adding 1,596 days to the 1,250 days of backtime leaves Eldridge a total of 2,846 days remaining on his robbery offense. The Board credited Eldridge for 753 days he was in restrictive programs or otherwise in custody. The Board also gave Eldridge 62 days of credit for the period from May 13, 2014, to July 14, 2014, while

8

Eldridge was detained under the Board's warrant pending new criminal charges. Subtracting a total of 815 days of credit from the 2,846 days remaining on Eldridge's robbery sentence leaves him with 2,031 unserved days on that sentence. The Board did not err.

In sum, Counsel has fulfilled the technical requirements for withdrawing his representation, and our independent review of the record before the Board reveals that Eldridge's issues on appeal are without merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone Eldridge,                          :
              Petitioner                  :
                                          :
        v.                                :   No. 2554 C.D. 2015
                                          :
Pennsylvania Board                        :
of Probation and Parole,                  :
              Respondent                  :

# **O R D E R**

AND NOW, this 30th day of May, 2017, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter, dated May 27, 2015, is AFFIRMED, and the application for leave to withdraw as counsel filed by James L. Best, Esquire, is GRANTED.

_____
MARY HANNAH LEAVITT, President Judge