IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamall Jackson,                                  :
                        Petitioner               :
                                                 :
            v.                                   :    No. 1647 C.D. 2017
                                                 :    Submitted: April 13, 2018
Pennsylvania Board of Probation and              :
Parole,                                          :
                        Respondent               :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                              FILED: July 20, 2018

            Jamall Jackson, an inmate at State Correctional Institution (SCI)-
Rockview, petitions for review of an adjudication of the Pennsylvania Board of
Probation and Parole (Board) denying his administrative appeal. Jackson asserts that
the Board lacked the authority to extend his judicially-imposed maximum sentence
date after recommitting him as a convicted parole violator. Jackson's appointed
counsel, David Crowley, Esquire (Counsel), has petitioned for leave to withdraw his
representation. For the following reasons, we grant Counsel's petition and affirm
the Board's order.

            On May 23, 2003, Johnson was convicted of three counts of general
aggravated assault and sentenced to a minimum of seven years, six months to a
maximum of 17 years. At the time the sentence was imposed, Jackson's maximum
sentence date was September 10, 2018. On April 6, 2009, Jackson was released on
parole. On May 13, 2015, Jackson was arrested for kidnapping, carrying a firearm
without a license, making terroristic threats, simple assault, recklessly endangering

another person, and driving while his operating privilege was suspended or revoked. The Board issued a warrant to commit and detain Jackson for violating his parole that same day. Certified Record (C.R.) at 16. On June 9, 2015, Jackson was detained on the Board's warrant, and on March 29, 2016, Jackson was found guilty of one count of prohibited possession of a firearm.

On May 31, 2016, the Board recommitted Jackson as a convicted parole violator to serve 18 months backtime and recalculated his parole violation maximum date to be October 2, 2024. Following his sentencing on the firearm offense, the Board issued a decision on August 18, 2016, recalculating Jackson's maximum sentence date to be November 12, 2024. In recalculating Jackson's maximum sentence date, the Board charged Jackson with 3,060 days of backtime remaining on his original aggravated assault offense. The Board credited Jackson for the 384 days he was detained solely on the Board's warrant from June 9, 2015, to June 27, 2016.

On August 25, 2016, Jackson sought administrative relief, arguing, *inter alia*, that the Board can require a parolee to serve only the balance remaining of his unexpired term. The Board does not have "the power to alter a 'judicially-imposed sentence.'" C.R. at 68.

On October 11, 2017, the Board issued a final determination denying Jackson's request for administrative relief. The determination explained that since Jackson was recommitted as a convicted parole violator, he was not entitled to credit for any time at liberty on parole pursuant to 61 Pa. C.S. §6138(a)(2). Accordingly, the Board affirmed its decision recalculating his maximum sentence date to November 12, 2024. Jackson petitioned for this Court's review.

On appeal,[1] Jackson argues that the Board erred by failing to credit his original sentence with all the time to which he is entitled. Counsel has filed an application for leave to withdraw representation and a no-merit letter, also referred to as a "Turner/Finley letter,"[2] on the ground that Jackson's issue on appeal lacks merit. Counsel has also certified service of the no-merit letter on Jackson.

We first review the technical prerequisites imposed upon appointed counsel who wishes to withdraw his representation:

> *Turner/Finley* counsel must review the case zealously. *Turner/Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.

---

[1] Our scope of review is to determine whether the Board erred as a matter of law or violated the parolee's constitutional rights or whether the Board's decision is supported by substantial evidence. *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 695 n.3 (Pa. Cmwlth. 2009).

[2] In *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), the Pennsylvania Supreme Court, applying *Pennsylvania v. Finley*, 481 U.S. 551 (1987), held that counsel seeking to withdraw from a case in which the right to counsel does not derive from the United States Constitution may provide a "no-merit letter" which details "the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless."

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)).  If counsel's no-merit letter complies with the technical requirements, this Court will independently review the merits of the petitioner's claims.  *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009).

In the matter *sub judice*, Counsel's no-merit letter satisfies the technical requirements of *Turner/Finley*.  In his letter, Counsel thoroughly analyzed Jackson's issues for review and explained why each is devoid of merit.  Counsel certified that he advised Jackson of his right to retain new counsel or raise any points that he might deem worthy of consideration, and that he mailed a copy of his petition to withdraw and no-merit letter to Jackson.  Having determined that Counsel has complied with the technical requirements of *Turner/Finley*, we next consider the merits of Jackson's underlying claim.

Jackson argues that the Board violated his right to due process by failing to credit his original sentence with all the time to which he is entitled and that it did not have the authority to reset his maximum sentence date.  We concur in Counsel's judgment that Jackson's argument lacks merit.

Section 6138 of the Prisons and Parole Code (Parole Code) governs the recommitment of a convicted parole violator.  It states, in relevant part:

> (a) Convicted violators.—
>
> > (1)  A parolee . . . who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

4

> (2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1),*[3] *shall be given no credit for the time at liberty on parole.*

61 Pa. C.S. §6138 (emphasis added). In short, convicted parole violators are not entitled to credit for their street time, *i.e.*, time spent at liberty on parole, when they are recommitted.[4]

In explaining the differences between a judicially-imposed sentence and backtime, our Supreme Court has stated that "service of backtime relates to the original sentence from which an offender is paroled and is unrelated to any sentence required for a conviction on other criminal charges." *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 303 (Pa. 2003). The Board does not usurp a court's sentencing function nor does it violate a parolee's due process rights, when it requires the recommitted parolee to serve the balance of his original sentence. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980). Additionally, our Supreme Court has declared that the Board "is under no constitutional obligation to diminish the length of the sentence of a recommitted

---

[3] Paragraph (2.1) under Section 6138(a) of the Parole Code provides that the Board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole unless one of the enumerated exceptions applies. 61 Pa. C.S. §6138(a)(2.1).

[4] We agree with Counsel that Jackson's reference to *McCauley v. Pennsylvania Board of Probation and Parole*, 510 A.2d 877 (Pa. Cmwlth. 1986), in his administrative appeal was misplaced. The parolee in *McCauley* was a technical parole violator, whereas Jackson is a convicted parole violator. Under 61 Pa. C.S. §6138(c)(2), the Board is not permitted to take a technical parole violator's non-delinquent street time. Further, Jackson's reliance on 61 Pa. C.S. §6138(a)(5) as limiting the Board to requiring "a [p]arolee [to] serve the remaining balance of his 'unexpired term'" was also incorrect. C.R. at 68. Section (a)(5) establishes when the balance of backtime commences once there is a new sentence of incarceration for the conviction underlying the revocation; it does not limit the Board in the way Jackson asserted.

5

parole[e] by a period equal to the time when the prisoner was on parole." *Id.* (quoting *Commonwealth ex rel. Thomas v. Myers*, 215 A.2d 617, 619 (Pa. 1966)). Thus, Jackson's challenge to the Board's authority to recalculate his maximum sentence date lacks merit.

Further, the Board did not err in recalculating the maximum sentence date on Jackson's original aggravated assault offense. When the Board paroled Jackson on April 6, 2009, his maximum sentence date was September 10, 2018, which left 3,444 days remaining on his original sentence. On May 31, 2016, Jackson was recommitted as a result of his criminal conviction. As a convicted parole violator, he was not entitled to any credit for his street time. *Gaito*, 412 A.2d 568. To recalculate Jackson's maximum sentence date, the Board credited Jackson for the 384 days he was detained solely on the Board's warrant, from June 9, 2015 to June 27, 2016. Subtracting the 384 days from the 3,444 days remaining on Jackson's aggravated assault sentence leaves him with 3,060 unserved days on that sentence. Consequently, the Board did not err in its calculation.

In sum, Counsel has fulfilled the technical requirements for withdrawing his representation and our independent review of the record before the Board shows that Jackson's issues on appeal lack merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamall Jackson,                 :
         Petitioner       :
                           :
        v.              :   No. 1647 C.D. 2017
                           :
Pennsylvania Board of Probation and   :
Parole,                  :
         Respondent    :

# **O R D E R**

AND NOW, this 20th day of July, 2018, the petition for leave to withdraw filed by appointed counsel David Crowley, Esq. is GRANTED and the order of the Pennsylvania Board of Probation and Parole dated October 11, 2017, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge