# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Manuel Rivera,          :
        Petitioner          :
                             :
        v.                  :  No. 1371 C.D. 2017
                             :  Submitted: August 24, 2018
Pennsylvania Board of       :
Probation and Parole,       :
        Respondent      :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT            FILED: November 7, 2018

Carlos M. Rivera, an inmate at the State Correctional Institution (SCI) at Albion, petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Board) denying his administrative appeal. Rivera asserts that the Board erred in calculating his maximum sentence after it recommitted him as a convicted parole violator. Rivera's appointed counsel, Harry J. Cancelmi, Jr., Esquire (Counsel), has petitioned for leave to withdraw his representation. For the following reasons, we grant Counsel's petition and affirm the Board's order.

On January 31, 2013, Rivera was sentenced to serve six to twenty-four months in a state correctional institution for simple assault. On November 13, 2014, Rivera was released on parole from SCI-Huntingdon. Certified Record at 77-80 (C.R.__). According to the Conditions Governing Special Probation/Parole that he signed, Rivera agreed to "refrain from assaultive behavior." C.R. 82. Rivera acknowledged that if he was arrested while on parole, the Board was authorized "to lodge a detainer against [him], which will [] prevent [his] release from custody

pending disposition [of those charges], even though [he has] posted bail." C.R. 83. Rivera further acknowledged that if he was convicted of a crime committed while on parole, the Board was authorized, after an appropriate hearing, to recommit him to serve the balance of his sentence with no credit for time at liberty on parole.

On August 14, 2015, Rivera was arrested for first degree robbery in Berks County. The Board issued a warrant to commit and detain Rivera for violating his parole. On January 21, 2016, Rivera pled guilty to first degree robbery and was sentenced to five years and six months to twelve years of imprisonment in a state correctional facility.

On February 24, 2016, the Board recommitted Rivera as a convicted parole violator to serve 36 months of backtime. The Board recalculated Rivera's maximum sentence date to be February 23, 2021. Rivera waived his right to a parole revocation hearing and the assistance of counsel.

On June 7, 2016, Rivera filed an "Administrative Remedies Form" with the Board that presented (1) an administrative appeal challenging his recommitment as unconstitutional, and (2) a petition for administrative review asserting that the Board failed to award him credit for the time he spent in custody from his arrest on August 14, 2015, until his return to SCI-Graterford on February 9, 2016.

The Board affirmed its prior decision recommitting Rivera. In its adjudication mailed to Rivera on September 5, 2017, the Board explained:

> You were released on parole on November 13, 2014, with a maximum sentence date of November 13, 2019. At that point, 1826 days remained on your sentence. Because you were recommitted as a convicted parole violator, you are required to serve the remainder of your original term and are not entitled to credit for any periods of time you were at liberty on parole. Further, based on your new conviction, the Board is not authorized to award you credit for time at liberty on parole. On

2

January 21, 2016, you were sentenced to incarceration in state prison. You are not entitled to credit on your original sentence for the time you were detained prior to sentencing because you were not detained solely by the Board during that period. Because you were sentenced to state incarceration, you are required to serve your original sentence prior to your new sentence. However, that provision does not take effect until a parolee is recommitted as a convicted parole violator. Thus, you did not become available to commence service of your original sentence until the Board voted to recommit you as a parole violator on February 24, 2016. Adding 1826 days to February 24, 2016 results in your February 23, 2021 parole violation maximum date. Accordingly the Board decision mailed May 18, 2016 is AFFIRMED.

C.R. 169 (citations omitted). Rivera now petitions this Court for review.

On appeal,[1] Rivera raises seven issues, which we combine into three for clarity. First, he argues that the Board lacks statutory authority to change the maximum date of a sentence imposed by a court. Second, Rivera argues that by forfeiting the period of time he was at liberty on parole, the Board violated his constitutional rights and the doctrine of separation of powers. Third, Rivera contends that the Board erred by failing to credit his original sentence for the time served after his arrest on August 14, 2015.

Counsel has filed a petition for leave to withdraw as counsel and a no-merit letter, also referred to as a "*Turner/Finley* letter,"[2] explaining his belief that

---

[1] Our review determines whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. *Seton Company v. Unemployment Compensation Board of Review*, 663 A.2d 296, 298 n.2 (Pa. Cmwlth. 1995).

[2] In *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988), the Pennsylvania Supreme Court, applying *Pennsylvania v. Finley*, 481 U.S. 551 (1987), held that counsel seeking to withdraw from a case in which the right to counsel does not derive from the United States Constitution may provide a "no-merit letter" which details "the nature and extent of [the attorney's] review and

Rivera's appeal lacks merit. We first review the technical requirements imposed upon appointed counsel who seeks to withdraw his representation.

> *Turner/Finley* counsel must review the case zealously. *Turner/ Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley,* the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)). If counsel's no-merit letter complies with the technical requirements, this Court independently reviews the merits of the petitioner's claims. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25 (Pa. Cmwlth. 2009).

Upon review, we find that Counsel has satisfied the technical requirements of *Turner/Finley*. In his no-merit letter, Counsel thoroughly analyzed Rivera's issues on appeal and explained why each is devoid of merit. Counsel certified that he mailed a copy of his petition for leave to withdraw and no-merit letter to Rivera at SCI-Albion. Further, Counsel served a copy of this Court's June

---

list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues were meritless."

4

7, 2018, order on Rivera, which advised him that he could either obtain substitute counsel or file a brief on his own behalf. Having concluded that Counsel has complied with the technical requirements of *Turner/Finley*, we next consider the merits of Rivera's claims.

Rivera first argues that the Board lacks the authority "to alter a judicially-imposed sentence" and change his maximum sentence date. Petition for Review ¶A1. This argument lacks merit.

Section 6138(a) of the Prisons and Parole Code (Parole Code)[3] requires the Board to recalculate the maximum sentence date of a convicted parole violator to account for his forfeited street time. 61 Pa. C.S. §6138(a); *Richards v. Pennsylvania Board of Probation and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011). Our Supreme Court has explained the difference between a judicially imposed sentence and a backtime sentence as follows:

> The distinction between sentences imposed by the judiciary upon convicted criminal defendants and backtime compelled by the Board upon parole violators is significant. A sentence can be defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a new criminal prosecution and which imposes the term of punishment to be served. By way of comparison, *backtime is "that part of an existing judicially-imposed sentence which the Board directs a parolee to complete* following a finding[,] after a civil administrative hearing[,] that the parolee violated the terms and conditions of parole," and before the parolee begins to serve the new sentence.

*Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 303 (Pa. 2003) (citations omitted) (emphasis added). Stated otherwise, "service of backtime

---

[3] 61 Pa. C.S. §§101-6309.

relates to the original sentence from which an offender is paroled and is unrelated to any sentence required for a conviction on other criminal charges." *Id.* It is well-settled that the Board's authority to order a convicted parole violator to serve the unexpired balance of his original maximum sentence does not usurp a court's sentencing function or constitute a violation of a parolee's due process rights. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 570 (Pa. 1980). Accordingly, we reject Rivera's contention that the Board usurped the sentencing court's authority.

Rivera next argues that the Board unlawfully forfeited the time he was at liberty on parole from November 13, 2014, until August 14, 2015. Rivera contends that because the phrase "at liberty on parole" remains undefined by the legislature, the phrase cannot be used against a parolee. He also contends that Section 6138(a)(2) of the Parole Code violates the separation of powers doctrine because it "eviscerates [] judicial discretion." Petition for Review ¶A2.

Our Supreme Court has observed that the Board "is under no constitutional obligation to diminish the length of the sentence of a recommitted parolee by a period equal to the time when the prisoner was on parole." *Gaito*, 412 A.2d at 570 (citing *Commonwealth ex rel. Thomas v. Myers*, 215 A.2d 617, 619 (Pa. 1966)). The Board's authority to forfeit a parolee's street time following recommitment as a convicted parole violator is codified in Section 6138(a) of the Parole Code, which states, in relevant part:

> (a) Convicted violators. –
>
> > (1) A parolee … who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere

6

at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, *unless any of the following apply:*

(i) *The crime committed* during the period of parole or while delinquent on parole *is a crime of violence* as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a) (emphasis added). In short, the Board has discretion to award credit, so long as the parolee was recommitted for a non-violent offense.

Here, Rivera was recommitted following his conviction for first degree robbery under 18 Pa. C.S. §3701(a)(1)(ii). First degree robbery is classified as a

7

"crime of violence" under 42 Pa. C.S. §9714(g).[4] Thus, under Section 6138(a)(2.1) of the Parole Code, the Board could not have awarded Rivera credit for his street time. The Board did not err by denying street time credit for which Rivera was ineligible.[5]

Rivera's argument that the Board's forfeiture of his street time violated the separation of powers doctrine of the United States and Pennsylvania Constitutions also lacks merit. First, it assumes, incorrectly, that he was eligible for credit. Second, our Supreme Court has specifically held that a statute mandating the denial of credit to a convicted parole violator for time spent at liberty on parole does not violate the separation of powers doctrine. *Young v. Pennsylvania Board of Probation and Parole,* 409 A.2d 843, 848 (Pa. 1979). We reject Rivera's contention that the Board violated the separation of powers doctrine by forfeiting Rivera's street time under Section 6138.

Lastly, we address Rivera's argument that the Board erred by not awarding him credit for the time he served from his arrest on August 14, 2015, until

---

[4] Section 9714(g) of the Sentencing Code states, in pertinent part: "[a]s used in this section, the term 'crime of violence' means . . . robbery as defined in 18 Pa. C.S. §3701(a)(1)(i),(ii) or (iii)[.]" 42 Pa. C.S. § 9714(g).

[5] Rivera also argues that the phrase "at liberty on parole" is unenforceable against him because the legislature has not defined that term. Rivera has not developed this argument with any citation to pertinent legal authority. Therefore, this argument is waived. *See Rapid Pallet v. Unemployment Compensation Board of Review*, 707 A.2d 636 (Pa. Cmwlth. 1998) (holding that undeveloped arguments without citation to legal authority will not be considered). Even if Rivera had developed his argument, our Supreme Court has explained that "at liberty on parole" means "not at liberty from all confinement but at liberty from confinement on the particular sentence for which the convict is being reentered as a parole violator." *Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680, 683 (Pa. 1985). From November 13, 2014, until August 14, 2015, Rivera was at liberty on parole from his original simple assault sentence. Rivera was still at liberty on parole when he was arrested on August 14, 2015, for theft-related offenses. Therefore, the forfeiture of street time can be imposed against Rivera.

he was recommitted on February 24, 2016. Rivera argues that he was able to post bail, but was "prevented by the Board's detainer [from] being able to do so." Petition for Review ¶A2.

Section 6138(a)(4) of the Parole Code provides that "[t]he period of time for which a parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa. C.S. §6138(a)(4). When a parolee remains incarcerated on new criminal charges because he is unable to satisfy bail requirements, the period of time that the parolee is incarcerated on a Board detainer and is awaiting sentencing on the new charges is applied to the new sentence. *Gaito*, 412 A.2d at 571; *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 352 (Pa. Cmwlth. 2007). At the time the Board recorded its detainer warrant on October 8, 2015, Rivera was incarcerated in the Berks County Prison on the pending robbery charges. Rivera failed to make bail on these new charges. Contrary to Rivera's contention, he was not incarcerated solely on the Board's warrant. Rivera's argument that he is entitled to credit for his incarceration from August 14, 2015, to February 24, 2016, lacks merit.[6]

In sum, Counsel has fulfilled the technical requirements for withdrawing his representation, and our independent review of the record before the Board reveals that Rivera's issues on appeal are without merit. Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's decision.

 

_____
MARY HANNAH LEAVITT, President Judge

---

[6] The record reveals that the sentencing court awarded Rivera a total of 161 days for time served from the date of his January 21, 2016, sentencing.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Manuel Rivera,                         :
                    Petitioner                :
                                              :
        v.                                    :   No. 1371 C.D. 2017
                                              :
Pennsylvania Board of                         :
Probation and Parole,                         :
                    Respondent                :

## **O R D E R**

AND NOW, this 7th day of November, 2018, the order of the Pennsylvania Board of Probation and Parole dated September 5, 2017, is AFFIRMED, and the application for leave to withdraw as counsel filed by Harry J. Cancelmi, Jr., Esquire, is GRANTED.

_____
MARY HANNAH LEAVITT, President Judge